OPINION OF THE COURT
Meyer, J.
To consider whether there is authority to award counsel fees to the petitioner in a conservatorship proceeding brought under article 77 of the Mental Hygiene Law, we granted leave in this case. We conclude that there is not, absent amendment of the statute.
The proceeding was begun by a niece of the proposed conservatee, an 82-year-old woman, who it was claimed was senile and unable to care for herself and whose 86-year-old husband, the petition alleged, was mulcting her of her assets. The proceeding was vigorously defended but after a jury had been empaneled to consider whether the proposed conservatee’s ability to care for her property had been substantially impaired, agreement was reached upon the appointment as conservator of the court-designated guardian ad litem. Jury trial was then waived and after testimony by a psychiatrist who at the request of the guardian had examined the proposed conservatee, the trial court found substantial impairment. After submission of an affidavit of *629 services by petitioner’s attorney and affidavits in opposition by the conservatee and her husband stressing that counsel fees should be denied because not authorized, because petitioner had acted in her own self-interest and because she had violated both doctor-patient and attorney-client privileges in relation to the proceeding, the Trial Judge awarded petitioner’s counsel a fee of $5,000 and disbursements of $1,378.47. On this appeal, the latter two grounds of opposition are again presénted but are beyond our power of review in light of the affirmed findings of fact on which their objection rests.
The attorney’s affidavit of services points to no specific statutory authority for payment of the fee for his services out of the conservatorship estate, and none exists in article 77 of the Mental Hygiene Law. It is argued, however, that such authority does exist in a commitment proceeding (Mental Hygiene Law, § 78.03, subd [h], par 2), that section 77.04 authorizes the court to treat an incompetency petition as one for appointment of a conservator, and that section 78.02 requires the court in an incompetency proceeding “to consider whether the interests sought to be protected could best be served by the appointment of a conservator.” In light of that preference, it is suggested, it would be contrary to public policy to deny in a conservatorship proceeding what can be obtained if there is a commitment.
Were there no other indicia of legislative intent, the implication petitioner seeks to draw might be permissible, though even then the rules that “ ‘Courts cannot correct supposed errors, omissions or defects in legislation’ ” (Meltzer v Koenigsberg, 302 NY 523, 525; McKinney’s Cons Laws of NY, Book 1, Statutes, § 73) and that a grant of power is not to be read into a statute by doubtful implication (People ex rel. City of Olean v Western N. Y. & Pa. Traction Co., 214 NY 526; McKinney’s, op. cit., § 363) would present difficulties. Here, however, there are a number of reasons, based upon decisional rules governing counsel fees as well as upon the statute and its legislative history, for concluding that the omission from article 77 of the power to award petitioner counsel fees was deliberate.
It is well established that in the absence of specific statu *630 tory authority counsel fees “are merely incidents of litigation and thus are not compensable” (City of Buffalo v Clement Co., 28 NY2d 241, 262; see Mighty Midgets v Centennial Ins. Co., 47 NY2d 12, 21-22; Siegel, New York Practice, § 147, at p 190). As already noted, article 77 contains no such authority. That statute was the product of extensive study first by the Special Committee to Study Commitment Procedures established by The Association of the Bar of the City of New York in 1960 and then by the Law Revision Commission. First proposed by the commission in 1966 (NY Legis Doc, 1966, No. 65, p 263) and resubmitted in 1967 (NY Legis Doc, 1967, No. 65, p 209), 1968 (NY Legis Doc, 1968, No. 65, p 179) and 1971 (McKinney’s Session Laws, 1971, p 2338), the conservatorship article was finally enacted in 1972. Not only were changes made in the proposed statute during the period between the first proposal and final enactment, after consultation with the association’s special committee and with the Department of Mental Hygiene, but also the 1971 report (McKinney’s Cons Laws of NY, Book 1, Statutes, § 73, p 2338) reveals that “The substance of the proposed bill is embodied in the Uniform Probate Code (Article 5, Part 4) which was promulgated by the Conference of Commissioners on Uniform State Laws and approved by the American Bar Association.” Section 5-414 of the Uniform Probate Code explicitly provides: “If not otherwise compensated for services rendered, any visitor, lawyer, physician, conservator or special conservator appointed in a protective proceeding* is entitled to reasonable compensation from the estate.” There can be no question, therefore, that the counsel fee question was before the drafters of the legislation.
A further indication that omission of a provision for the award of fees to the petitioner’s attorney in a conservator-ship proceeding was deliberate is the express provision, already referred to, in article 78 (§ 78.03, subd [h], par 2) that “[w]hen the petition is granted, the court may award reasonable counsel fees to the attorney for petitioner”. In light of the statement in each of the reports of the Law Re *631 vision Commission, other than the 1966 report, that the procedural provisions of the conservatorship article were patterned upon the provisions of the Mental Hygiene Law governing the appointment of a committee, it can hardly be argued that omission of a provision similar to section 78.03 (subd [h], par 2) was an oversight.
Finally, review of the provisions of the conservatorship article reveals specific cross references to article 78 in sections 77.04,77.13,77.19 and 77.29, dealing respectively with conservatorship as an alternative to commitment, the security to be given by a conservator, the powers and duties of the conservator, and the form of and procedure in relation to the conservator’s annual accounting. With so many references to specific provisions of article 78, it cannot successfully be argued that the omission of article 78’s counsel fee provision was unintentional. The only conceivable basis for petitioner’s argument is the provision in section 77.19 that a conservator “shall have all of the powers and duties granted to or imposed upon a committee of the property of an incompetent appointed pursuant to article seventy-eight of this chapter”. The powers and duties of a committee are, however, not the issue, which is whether the court has power to award counsel fees to the attorney for petitioner. Moreover, section 78.15, which details the powers and duties of a committee, says nothing about award or payment of counsel fees.
It follows that the order granting counsel fees cannot be sustained. However, judgment was entered upon the petition and petitioner was, therefore, entitled to costs and taxable disbursements. The order of the Appellate Division should, therefore, be modified by reducing the amount directed to be paid to the attorney for petitioner to $1,378.47, and, as so modified, should be affirmed, with costs to appellant.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur.
Order modified, with costs to appellant, in accordance with the opinion herein and, as so modified, affirmed.

 Defined in subdivision (2) of section 5-101 of the code to include a conservatorship proceeding.