■ In the Matter of JANET SALZ, Petitioner, et al., Respondent. MARC SALZ et al., Appellants. — Judgment of the Supreme Court, New York County, entered September 30, 1980 modified, on the law, the facts and in the exercise of discretion, (1) to provide for the continuance of payment of $6,000 annually to each of the two sons of the conservatee, in equal monthly installments, retroactively to January 1, 1979; (2) to increase the bond of the conservator to $3,000,000; (3) to limit the conduct of the business of Sam Salz, Inc., by the conservator to the orderly and prudent disposition of the assets of the business precluding, however, any further purchases by the conservator; and (4) striking all allowances of counsel fees to the attorneys for the conservator, and otherwise affirmed, without costs. In this strenuously contested conservatorship proceeding, the need for the appointment of a conservator is undisputed. Sam Salz, the 86-year-old conservatee, long the doyen among dealers in impressionist and postimpressionist art, has been afflicted with an undiagnosed ailment which has left him in a vegetative state. While we are not wholly satisfied with the appointment of his wife Janet as sole conservator, we know of no alternative which would better serve the personal or business interests of the conservatee. Accordingly, we affirm that designation. There are, however, certain aspects of the judgment which should be modified. We recognize that the letter of the conservatee limited the gifts to each of his sons of $6,000 a year, payable in equal monthly installments, to a two-year period ending December 31, 1978. Nevertheless, we are persuaded that, were he competent to do so, the conservatee would have continued such payments. Although both sons are adults, neither has been fully self-supporting. The conservatee has regularly contributed to their support in the past and we are convinced that were he able to do so, he would continue this practice. Currently, the estate of the conservatee exceeds $6,000,000. In these circumstances, the bond of $1,500,000 required by the hearing court is inadequate to protect the legatees named in his will. Since the conservator is, under that will, entitled to an outright legacy equivalent to the maximum marital deduction, a bond in the sum of $3,000,000 should be sufficient to protect the other interested parties and we order the bond increased accordingly. The judgment of the hearing court permitted the conservator to continue the business of Sam Salz, Inc. This includes both the acquisition and sale of impressionist and postimpressionist art. We think the nature of the business too volatile to permit anything other than the orderly and prudent disposition of the assets of the business. While we are informed that Janet had been carefully tutored by Sam during their 10-year marriage and that the first quarter of 1980, when the business was under the guidance of Janet, was one of the most profitable in its history we are also informed that this included only two acquisitions, both of comparatively minor value. Accordingly, we modify to preclude the conservator from making any further purchases on behalf of the business. Finally, we are instructed by *Matter of Green (Potter)* (51 NY2d 627) that in the absence of specific provision for the allowance of counsel fee in conservatorship proceedings under article 77 of the Mental Hygiene Law, the allowance of such fees is forbidden. Accordingly, we strike the allowances made to both sets of attorneys for the conservator and affirm the denial of counsel fees to the attorneys for the appellants. Settle order. Concur — Sullivan, J. P., Markewich, Lupiano, Silverman and Bloom, JJ.