(November 19, 1987)

■ In the Matter of the Conservatorship of WALLY DETZEL, as Conservatee, Appellant. LEE GINSBERG, as Prior Conservator, et al., Respondents.—Order, Supreme Court, New York County (Amos E. Bowman, J.), entered January 2, 1987, which granted the motion of the prior conservator, Lee Ginsberg, to amend the earlier order of the same court and Judge, dated April 1, 1986, so as to confer authority to place the conservatee involuntarily in a medical facility, reversed, on the law, with costs, and motion denied. The balance of the appeal, seeking review of oral ruling by the court excluding Thomas J. Kavanagh, Esq., as purported attorney for the conservatee, from any further intervention in the proceedings in that court is dismissed as nonreviewable, without costs.

A legal basis for any involuntary commitment of the conservatee was absent here since the order appealed from followed only an informal conference-hearing without appointment of a guardian ad litem to safeguard the conservatee's rights. The power of a conservator to carry out a court-approved plan for the preservation, maintenance, and care of the conservatee's income, assets and personal well-being does not authorize involuntary control of the conservatee's person (Mental Hygiene Law § 77.19). Such an order could only follow a plenary hearing, at which a guardian ad litem had been previously appointed to act on behalf of the conservatee, and where the competency issue would be triable as of right by a jury (Mental Hygiene Law § 78.03 [e]). However, our determination herein is entirely without prejudice to a future proceeding under Mental Hygiene Law § 78.03 by the present conservator.

We cannot accept the suggestion of the present conservator that this appeal has been rendered moot by reason of the conservatee's allegedly voluntary hospitalization at Park Shore Manor Health Care Center commencing on May 5, 1987. The voluntariness of such confinement is not foreclosed simply by counsel's representation to that effect, irrespective of its good faith, and remains subject to judicial inquiry upon a proper application.

We would also note that the hearing court was entirely within its power in excluding attorney Kavanagh and his wife from any further participation in the conservatorship proceedings directly before it. Upon inquiry by the court, Kavanagh conceded that he had never been retained by the conservatee or any other competent party, and that his intrusion was, in his own words, "purely pro bono in the interests of constitutional government." That self-appointed role was insufficient to confer standing upon Kavanagh and his nonattorney spouse to intervene *(Matter of Association for Retarded Citizens [New York State Assn. for Retarded Children]*, 94 AD2d 958). Concur—Murphy, P. J., Sandler, Sullivan, Ellerin and Wallach, JJ.