■ In the Matter of WILLIAM J. GRINKER, as Commissioner of Social Services of the City of New York, Respondent. SEENA ROSE, as Proposed Conservatee, Appellant.—Judgment of the Supreme Court, New York County (Irving Kirschenbaum, J.), entered on or about November 23, 1988, which appointed a conservator for the property of respondent, unanimously modified, on the law, to the extent of conditioning the power of the conservator to transfer respondent to a nursing home, when medically indicated, upon court approval, and otherwise affirmed, without costs.

Upon the testimony of respondent's caseworker, the examining psychiatrist, the guardian ad litem, respondent's ex-husband, her two children, and respondent herself, it was deter-

mined that a conservator should be appointed because she "suffered substantial impairment of her ability to care for her property and has become incapable of managing her affairs".

While respondent disagrees, the record amply demonstrates that she needs help in managing her property. Indeed, respondent is unable to cope with her financial peril by taking advantage of the potential value of her artwork. The IAS court appropriately appointed the community guardian agency as conservator (see, e.g., Matter of Salz, 80 AD2d 769).

Section 77.19 of the Mental Hygiene Law authorizes a court to approve a plan for a conservatee's well-being and states that the provision of social and protective services may be included in such a plan. However, the order in this case delegated to the conservator the authority to make a nursing home placement at any time in the future without requiring court approval. Accordingly, the order is modified to the extent of authorizing placement in a nursing home based on evidence presented to the court demonstrating such a need (see, e.g., Matter of Detzel, 134 AD2d 205). Concur—Murphy, P. J., Asch, Kassal and Rubin, JJ.