■ In the Matter of MINNA GANDER, a Person Alleged to be Incompetent. COLUMBIA-GREENE MEDICAL CENTER, Appellant; KEVIN A. CONWAY, as Guardian ad Litem for MINNA GANDER, Respondent. [620 NYS2d 1016] —Casey, J. Appeal from an amended order of the Supreme Court (Cobb, J.), entered April 28, 1993 in Greene County, which, in a proceeding pursuant to Mental Hygiene Law former § 78.03, granted respondent's motion for an award of counsel fees from petitioner.

Following the filing of a petition and the hearing which granted it, Supreme Court directed that respondent, the guardian ad litem for the subject of this proceeding, be paid counsel fees as requested in the amount of $2,380. By an amended order of Supreme Court, petitioner was directed to pay this fee.

Petitioner argues lack of authority for Supreme Court's order, and that CPLR 1204 is both inconsistent with and superseded by Mental Hygiene Law former § 78.03. Respondent argues that CPLR 1204 is not inconsistent with Mental Hygiene Law former § 78.03 and allows the court to use its discretion to fashion a means of compensation for a guardian ad litem. Where the Legislature has clearly considered and then omitted statutory provisions for the payment of counsel fees, a court cannot make an award contrary to the intent of the enactment *(see, Matter of Green [Potter],* 51 NY2d 627, 629-631). Despite the general language in CPLR 1204, which authorizes a court to order that the fees of a guardian ad litem be paid in whole or in part by any other party, the Legislature specifically provided for the payment of a guardian ad litem's fees in a proceeding pursuant to Mental Hygiene Law former § 78.03. When, as in this case, the petition is granted, the fees must be paid out of the funds of the incompetent (Mental Hygiene Law former § 78.03 [h] [2]). Only when the petition is dismissed can the court order the petitioner to pay the guardian ad litem's fees *(ibid.).* Supreme Court, therefore, improperly granted respondent's motion for an award of counsel fees payable by petitioner.

Cardona, P. J., White and Yesawich Jr., JJ., concur. Ordered that the amended order is reversed, on the law, without costs, and motion denied.