**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____

No. 94-50089
_____

SELF-INSURANCE INSTITUTE OF AMERICA, INC.,

Plaintiff-Appellee,

VERSUS

CLAIRE KORIOTH, ET AL.,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Western District of Texas
_____

(May 22, 1995)

ON PETITIONS FOR REHEARING
(Opinion September 15, 5th Cir. 1994, 32 F.3d 175)


Before LAY,[1] DUHÉ, and DeMOSS, Circuit Judges.

DUHÉ, Circuit Judge:

Defendants-Appellants, certain state officials of Texas, ask that we reverse an award of back taxes and attorneys' fees against them and in favor of Self-Insurance Institute of America (SIIA). SIIA, an association whose members include self-insured ERISA plan sponsors and third party administrators, sued to enjoin enforcement of a maintenance tax on contract administrators of insurance plans (Tex. Ins. Code art. 21.07-6 (West Supp. 1995)) against ERISA plans, plan sponsors, and third-party administrators. The district court held that ERISA preempted the state tax law, enjoined the

_____

[1] Circuit Judge of the 8th Circuit, sitting by designation.

State Defendants from enforcing or threatening to enforce article 21.07-6 with respect to ERISA plans and ERISA administrators, ordered a refund of taxes and fees paid by ERISA plans or administrators under article 21.07-6, and awarded attorneys' fees. Conceding the equitable relief, Defendants have appealed only the refund order and attorneys' fee award. Upon cross-petitions for rehearing, the panel withdrew its opinion. 44 F.3d 245 (5th Cir. 1995). On rehearing, we vacate both the refund order and the attorneys' fee award.

                                 I.

In an earlier appeal this Court determined that SIIA, as a plaintiff seeking injunctive relief from state regulation on the basis of federal preemption, has presented a federal question, and that SIIA met requirements for associational standing to seek injunctive and declaratory relief on behalf of its members. Self-Insurance Inst. of Am. v. Korioth, 993 F.2d 479 (5th Cir. 1993). In addition to enjoining Defendants from enforcing the state tax law, the district court on remand ordered Defendants to refund taxes and fees paid by SIIA members.[2] Defendants challenge the refund order as being improperly beyond the scope of the associational standing approved for SIIA.

We agree. The panel of the first appeal approved SIIA's associational standing noting, "[I]t is undeniable that SIIA's

---

[2] The judgment appealed provides in part "that the Defendants must refund any taxes and/or fees paid by any self-funded ERISA plan, employer/sponsor of such a plan, or contract administrator of such a plan, as result of the attempted or threatened application of these articles of the Texas Insurance Code." 3 R. 564.

individual members need not participate in the litigation. Therefore SIIA is properly in a position to represent its members in a representative capacity and has standing to do so." Self-Insurance, 993 F.2d at 484-85. Though an association may have standing to seek "a declaration, injunction, or some other form of prospective relief" on behalf of its members, it does not enjoy standing to seek damages for monetary injuries peculiar to individual members where the fact and extent of injury will require individualized proof. Warth v. Seldin, 422 U.S. 490, 515-16 (1975).

As conceded by SIIA at oral argument, a refund cannot be litigated without the individual participation of SIIA's members.[3] In view of the State's continuing authority to tax non-ERISA administration through article 21.07-6, each member of SIIA must show the extent to which it administers ERISA-governed plans or non-ERISA-governed insurance plans before a court could determine refund eligibility and amount. See NGS Am., Inc. v. Barnes, 998

_____

[3] SIIA also conceded that state rather than federal proceedings are the proper forum for the members seeking refunds. It became apparent at argument that SIIA wants us to uphold the refund order, not because it desires to obtain a federal money judgment on remand, but because of dissatisfaction with the state remedy for obtaining a refund. With a federal order of refund, SIIA could threaten contempt if the State through dilatory tactics or burdensome requirements frustrates the members' attempts to obtain their refunds through the state administrative procedure.

Texas provides an administrative remedy for an administrator seeking a refund but none of the members of SIIA have pursued it yet. In the present posture of this case, SIIA's concerns about the efficacy of Texas administrative procedures for refunds are not before us. We will not countenance SIIA's efforts to obtain a federal order of refund to use as a preemptive strike in state administrative proceedings.

F.2d 296, 300 (5th Cir. 1993) (affirming an injunction against collection of the article 21.07-6 tax from third-party administrators, but only in their capacities as administrators of ERISA-governed plans; noting that Commissioner *may* enforce the tax against third-party administrators in their capacity as administrators of non-ERISA governed plans).

Though SIIA enjoys associational standing to seek injunctive relief, we conclude that to obtain refund relief, each member of SIIA who claims a refund must be a party. SIIA therefore has no standing to claim a refund on its members' behalf. See Warth, 422 U.S. at 516; see also United Steelworkers of Am. v. University of Ala., 599 F.2d 56, 59 (5th Cir. 1979) (recognizing Union's standing to seek declaratory and injunctive relief, but no standing to seek money damages on behalf of members where damages are not common to entire membership nor shared by all in equal degree). We conclude that the refund order exceeds the scope of SIIA's associational standing and vacate the refund order.[4]

II.

In its motion for attorneys' fees, SIIA invoked an ERISA provision for a fee award by an ERISA "participant, beneficiary, or fiduciary." 29 U.S.C.A. § 1132(g)(1)(West 1985). Defendants argue that the court erred in awarding attorneys' fees because it had

---

[4] Defendants have also argued that the court erred by ordering the state Defendants to pay tax refunds at all because of the Eleventh Amendment sovereign immunity of states. With vacatur of the refund order, the judgment does not call for Defendants to pay money. We therefore do not reach the question whether the order of refund would offend the Eleventh Amendment.

4

previously found that SIIA was not an ERISA participant, beneficiary, or fiduciary.  We agree.

SIIA is not an entity enumerated in § 1132(g)(1); it had associational standing only because its members were.  See 3 R. 532 (district court's finding that SIIA not an enumerated entity); Self-Insurance, 993 F.2d at 481-84 (finding federal question jurisdiction notwithstanding fact that suit was not authorized by ERISA § 1132(g)(1) conferring standing upon participants, beneficiaries, and fiduciaries only); id. at 484 (upholding SIIA's standing because its members were fiduciaries).  Because the statute authorizes attorneys' fees only in favor of the enumerated entities, we will not expand the privilege to include a party with associational standing.  See Runyon v. McCrary, 427 U.S. 160, 185 (1976) (requiring "explicit Congressional authorization" to alter the "American Rule" that attorneys' fees are not a recoverable cost of litigation); Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 247 (1975) (recognizing that some fee-shifting statute must apply in order to alter the American Rule).  ERISA does not support a fee award in favor of SIIA.

SIIA alternatively argues that fees are authorized under the Declaratory Judgment Act, 28 U.S.C.A. § 2201-02 (West 1994).  Section 2201, which authorizes federal courts to grant declaratory relief, plainly does not grant a right to fees.  Also, § 2202, the provision authorizing "further necessary or proper relief"[5] in a

---

[5]  28 U.S.C. § 2202 provides in full, "Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party

declaratory action, does not provide statutory authority for an award of attorneys' fees.  Mercantile Nat'l Bank v. Bradford Trust Co., 850 F.2d 215, 218 (5th Cir. 1988).

SIIA makes much of a statement in Mercantile that § 2202 does not authorize a fee award "that would not otherwise be available under state law in a diversity action."  Id.  SIIA contends that this statement allows us to consider whether the *Texas* Declaratory Judgment Act (DJA) would grant SIIA a right to fees.  We disagree, because the Texas DJA is inapplicable.  Jurisdiction in this case is under 28 U.S.C.A. § 1331 (West 1993) (federal question jurisdiction), not diversity where state law applies.  Mercantile recognizes that a party may recover fees in a federal declaratory judgment action where "controlling substantive law" permits such recovery.  Mercantile, 850 F.2d at 216, 217.  The Texas DJA is neither substantive nor controlling.

SIIA having failed to show its entitlement to fees under an applicable fee-shifting statute, we vacate the award of attorneys' fees in SIIA's favor.

III.

We vacate the refund order because SIIA's individual members' entitlement to refunds involves questions beyond which SIIA was granted standing to litigate.  Because no statute authorizes a fee award, we vacate the fee award as well.  SIIA's additional request for attorneys' fees in this appeal is denied.

VACATED; fee request DENIED.

---

whose rights have been determined by such judgment."