UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-10887
Summary Calendar
_____


BANK ONE TEXAS NA; HARVEY MITCHELL,
Chairman of Bank One Texas, NA;
RONALD STEINHART, President of Bank
One Texas, NA,

                                      Plaintiffs-Appellees,

                     versus

L.P. PATTERSON, Chairman of the
Committee on Agriculture & Livestock
of the Texas House of Representatives;
CHARLES FINNELL, Vice-Chairman of the
Committee on Agriculture & Livestock of
the Texas House of Representatives;
RENATO CUELLAR, Rep; BOB RABUCK, Rep
DAVID SWINFORD, Rep; JUDY HAWLEY, Rep;
TRACY O. KING, Rep; BARBARA RUSLING, Rep;
GARY WALKER, Rep,

                                      Defendants-Appellants.


_____

Appeal from the United States District Court
for the Northern District of Texas
(3:93-CV-1081-G)
_____
July 10, 1997


Before JONES, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except

Bank One filed suit under the Federal Declaratory Judgment Act (DJA), 28 U.S.C. §§ 2201-02, and the Texas DJA, TEX. CIV. PRAC. & REM. CODE §§ 37.001 *et. seq.*, against members of the Texas House Committee on Agriculture and Livestock to enjoin the enforcement of legislative subpoenas. The Texas legislators appeal the district court's award of attorney's fees against them.

Federal courts follow the American Rule in the absence of fee-shifting congressional legislation. *See Alyeska Pipeline Serv. Co v. Wilderness Soc'y*, 421 U.S. 240, 247, 95 S. Ct. 1612, 1616 (1975). Bank One argues it is entitled to attorney's fees under both declaratory judgment acts based on the provision under § 37.009 of the Texas DJA for the discretionary award of attorney's fees.

As this court has noted, however, § 2202 of the Federal DJA "does not by itself provide statutory authority to award attorney's fees that would not otherwise be available under state law in a diversity action." *Mercantile Nat'l Bank v. Bradford Trust Co.*, 850 F.2d 215, 218 (5th Cir.1988). Moreover, although the Texas DJA expressly provides for attorney's fees, the statute functions solely as a procedural mechanism for resolving substantive "controversies which are already within the jurisdiction of the courts." *Housing Authority v. Baldez*, 841 S.W.2d 860, 864 (Tex. App.--Corpus Christi 1992, writ denied).

under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Texas procedure does not govern federal question cases in federal courts.

In *Self-Insurance Institute of America v. Korioth*, 53 F.3d 694 (5th Cir. 1995), this court noted that "a party may recover fees in a federal declaratory judgment action where 'controlling substantive law' permits such recovery. . . . The Texas DJA is neither substantive nor controlling." *Id.* at 697 (internal citation omitted). As in *Korioth*, Bank One may not rely on the Texas DJA because its preemption argument is based on federal question jurisdiction under 28 U.S.C. § 1331, "not diversity where state law applies." *Korioth*, 53 F.3d at 697.

Bank One has failed to show it is entitled to attorney's fees under an applicable fee-shifting statute. Accordingly, the district court erred in awarding attorney's fees to the plaintiffs, and the judgment is REVERSED.