**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**No. 96-50431
Summary Calendar**

_____

**UTICA LLOYD'S OF TEXAS,**

**Plaintiff-Appellee,**

**versus**

**ERIC MITCHELL, d/b/a THE MITCHELL COMPANY; ET AL.,**

**Defendants,**

**ERIC MITCHELL, Individually and d/b/a THE MITCHELL COMPANY, ANDERSON,
WORMLEY MITCHELL & HUNT, INC., and MITCHELL & ASSOCIATES, INC.,**

**Defendants-Appellants.**

_____

Appeal from the United States District Court
For the Western District of Texas
_____

April 15, 1998

Before JONES, DeMOSS and PARKER, Circuit Judges.

EDITH H. JONES, Circuit Judge:

Utica Lloyd's of Texas ("Utica") brought this diversity suit under the Declaratory

Judgment Act (the "Federal DJA"), 28 U.S.C. §§ 2201-02, against Eric Mitchell, The Mitchell

Company, Anderson, Wormley, Mitchell & Hunt, Inc. and Wormley, Mitchell & Associates, Inc.

(collectively, the "Mitchell Defendants") seeking construction of a policy issued by Utica, and a

determination whether it had the duty to defend and indemnify the Mitchell Defendants in an

underlying state court suit. Following an order by the federal district court determining that Utica

had a duty to defend the Mitchell Defendants, the Mitchell Defendants sought attorney's fees

1

pursuant to the Texas version of the Uniform Declaratory Judgments Act (the "Texas DJA"), TEX. CIV. PRAC. & REM. CODE § 37.001, *et seq.*[1]  The district court denied the request for attorney's fees, perceiving itself bound by our decision in <u>Bituminous Casualty Corp. v. Vacuum Tanks, Inc.</u>, 975 F.2d 1130, 1133 (5th Cir. 1992), which found that attorney's fee awards against certain insurers should be denied in Texas declaratory judgment actions.  We affirm, but for a different reason.          The district court in the instant case relied on a statement in *Bituminous* that TEX. CIV. PRAC. & REM. CODE § 38.006 "exempts certain insurers from payment of attorney's fees in declaratory judgment actions."  <u>Bituminous</u>, 975 F.3d at 1133.  The court apparently interpreted <u>Bituminous</u> as a broad holding applying to any declaratory judgment arising under Texas law.  <u>Bituminous</u>, however, involved an award of attorney's fees under § 38.001(8), which provides for such fees for claims on "an oral or written contract," and never addressed the provision for attorney's fees under § 37.009 of the Texas Declaratory Judgment Act, while the Mitchell Defendants in the instant case base their claim for fees solely on § 37.009.  Furthermore, § 38.006 simply provides that Chapter 38 "does not apply to a contract issued by an insurer that is subject to" one of five provisions.[2]  Accordingly, <u>Bituminous</u> limits only the availability of attorney's fees sought under Chapter 38, and is not relevant to the issue before this court--

---

[1] Chapter 37 of the Texas Civil Practice and Remedies Code contains the Texas version of the Uniform Declaratory Judgment Act.  Section 37.009 provides that "[i]n any proceeding under this chapter, the court may award costs and reasonable and necessary attorney's fees as are equitable and just." TEX. CIV. PRAC & REM. CODE § 37.009.

[2] The five statutory provisions listed are:
> (1) Article 3.62, Insurance Code;
> (2) Section 1, Chapter 387, Acts of the 55th Legislature, Regular Session, 1957 (Article 3.62-1, Vernon's Texas Insurance Code);
> (3) Chapter 9, Insurance Code;
> (4) Article 21.21, Insurance Code; or
> (5) the Unfair Claim Settlement Practices Act (Article 21.21-2, Insurance Code).

TEX. CIV. PRAC. & REM. CODE § 38.006.
        The parties do not dispute that Utica is an insurer subject to Article 21.21 of the Insurance Code and included within § 36.006(4).  Thus, even if the Mitchell Defendants had sought attorney's fees pursuant to § 38.001, § 38.006 expressly excludes them from an award of attorney's fees under Chapter 38.

whether the Mitchell Defendants are entitled to attorney's fees under § 37.009 in a federal declaratory judgment action arising under diversity.

Federal courts follow the American Rule in the absence of fee-shifting congressional legislation. See Alyeska Pipeline Serv. Co v. Wilderness Soc'y, 421 U.S. 240, 247, 95 S. Ct. 1612, 1616 (1975). Section 2202 of the Federal DJA provides that "[f]urther necessary or proper relief based on a declaratory judgment or decree may be granted . . . against any adverse party whose rights have been determined by such judgment." As this court has noted, however, § 2202 of the Federal DJA "does not by itself provide statutory authority to award attorney's fees that would not otherwise be available under state law in a diversity action." Mercantile Nat'l Bank v. Bradford Trust Co., 850 F.2d 215, 218 (5th Cir.1988). Furthermore, the "otherwise . . . available" state law in a diversity case must be substantive, for Mercantile explicitly stated that an award of attorney's fees in a federal declaratory judgment action "is confined to two situations: (i) where, under the restrictive American rule, attorney's fees are allowed; and (ii) where *controlling substantive law* permits recovery." *Id.* at 216 (emphasis added).

The Mitchell defendants rely on the § 37.009 of the Texas DJA to authorize recovery of attorney's fees. Although the Texas DJA expressly provides for attorney's fees, it functions solely as a procedural mechanism for resolving substantive "controversies which are already within the jurisdiction of the courts." Housing Authority v. Valdez, 841 S.W.2d 860, 864 (Tex. App.--Corpus Christi 1992, writ denied). Unlike substantive law, however, Texas procedure does not govern this diversity action. See Gasperini v. Center for Humanities, Inc., --- U.S. ----, ----, 116 S. Ct. 2211, 2219 (1996) (observing that "[u]nder the Erie doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law").

This court specifically noted in Self-Insurance Institute of America, Inc. v. Korioth, 53 F.3d 694 (5th Cir. 1995) that although "a party may recover fees in a federal declaratory judgment action where 'controlling substantive law' permits such recovery," "[t]he Texas DJA is

3

neither substantive nor controlling." *Id.* at 697 (internal citation omitted). Though jurisdiction in *Korioth* arose through a federal question claim rather than diversity, the decision's language clearly indicates, and we now hold, that a party may not rely on the Texas DJA to authorize attorney's fees in a diversity case because the statute is not substantive law.

The Mitchell Defendants have failed to show they are entitled to attorney's fees under an applicable fee-shifting statute. Accordingly, the judgment of the district court denying the Mitchell Defendants an award of attorney's fees is AFFIRMED.