United States Court of Appeals,

Fifth Circuit.

No. 92-8444.

SELF-INSURANCE INSTITUTE OF AMERICA, INC., Plaintiff-Appellant,

v.

Claire KORIOTH, et al., Defendants-Appellees.

June 17, 1993.

Appeal from the United States District Court For the Western District of Texas.

Before, REYNALDO G. GARZA, WILLIAMS and JONES, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:

Self-Insurance Institute of America, Inc. ("SIIA"), initiated this declaratory judgment action under 28 U.S.C. §§ 2201-02 requesting the district court to enjoin the enforcement of certain provisions in the Texas Insurance Code on the ground that they were preempted by ERISA. The case was dismissed because the district court determined that it lacked subject matter jurisdiction under 29 U.S.C. § 1132, and that SIIA lacked standing.

We find that the district court had general federal question jurisdiction under 28 U.S.C. § 1331, and we conclude that SIIA has associational standing. Consequently, we REVERSE the order of the district court and REMAND for a determination as to the merits of the plaintiffs' case.

FACTS & PROCEDURE

SIIA is a California not-for-profit trade association organized to promote the general advancement of the self-insurance industry. Members of SIIA include both employer/plan sponsors and contract administrators of self-insured ERISA plans.

In July 1991, SIIA filed a declaratory judgment action in the Western District of Texas requesting that the district court enjoin enforcement of two provisions in the Texas Insurance Code, which are codified at Tex.Ins.Code arts. 4.11A and 21.07-6. SIIA also sought tax refunds for

contract administrators who had paid the taxes required by art. 21.07-6.[1]

Article 4.11A imposes a tax on contract administrators and a back-up tax on the underlying plan if the administrator does not pay. Article 21.07-6 requires contract administrators both to pay a $1,000 application fee for a certificate of authority and to pay a 1% maintenance tax on fees for services. Article 21.07-6 also imposes on employer/plan sponsors and contract administrators many obligations. SIIA claims that the statutes conflict with comparable provisions of ERISA and, thus, are void because of ERISA's broad preemption clause.

In August 1991, the defendants filed a motion to dismiss for lack of subject matter jurisdiction, claiming that SIIA lacked standing to bring the declaratory action. In October 1991, SIIA responded by filing its motion either for partial summary judgment or for preliminary injunction. The district court issued a stay in this case and denied all motions without prejudice because the United States Supreme Court had issued a stay of a similar case pending its appeal from the Fifth Circuit. *See E-Systems, Inc. v. Pogue,* 929 F.2d 1100 (5th Cir.), *cert. denied,* --- U.S. ----, 112 S.Ct. 585, 116 L.Ed.2d 610 (1991).

In December 1991, after the Supreme Court denied certiorari in *E-Systems,* the district court lifted the stay. Shortly thereafter, SIIA filed a renewed motion for summary judgment or preliminary injunction, and the defendants filed their motion to dismiss for lack of subject matter jurisdiction.

In early 1992, SIIA answered the defendants' first set of interrogatories. The district court subsequently ordered SIIA to submit further facts to prove that it had standing to pursue its action. On July 21, 1992, the district court denied SIIA's motions and granted the defendants' motion to dismiss the case for lack of subject matter jurisdiction and standing.[2] SIIA then timely appealed.[3]

---

[1]In response to the United States Supreme Court's denial of certiorari in *E-Systems Inc. v. Pogue,* 929 F.2d 1100 (5th Cir.), *cert. denied,* --- U.S. ----, 112 S.Ct. 585, 116 L.Ed.2d 610 (1991), Texas ceased to enforce art. 4.11A and entered into numerous agreed judgments to refund with interest taxes collected under art. 4.11A. Because of the Texas' position regarding art. 4.11A, the challenge to that statute is now moot.

[2]The district court found that:

1. SIIA is a trade association of contract administrators and plan sponsors;

2. SIIA is not a participant, beneficiary, or fiduciary of an ERISA plan; and

DISCUSSION

On appeal we need only confront two issues: (i) did the district court have jurisdiction to entertain the case; and (ii) did the plaintiff have the requisite associational standing in order to wage this action. We conclude that the district court improperly dismissed the case for lack of subject matter jurisdiction. Further, we conclude that the plaintiff has standing to bring this action. Consequently, we remand the case back to the district court so that the case may proceed to the merits.

Subject Matter Jurisdiction

The district court found that it had no jurisdiction under ERISA, 29 U.S.C. § 1132. Section 1132(a) limits the power to bring a civil action under ERISA to participants, beneficiaries, and fiduciaries of an ERISA plan. The district court requested that SIIA present affidavits proving that its members were enumerated parties under § 1132. The affidavits that SIIA submitted merely stated that SIIA members were employer/plan sponsors or contract administrators, who had contacts with Texas. The district court found that such a cursory description did not prove that the SIIA members were fiduciaries. Consequently, the district court concluded that it lacked subject matter jurisdiction.

---

3. SIIA's members are contract administrators, who have no fiduciary relationship to the plans for which they perform services.

From these findings, the district court concluded that:

> 1. SIIA had no statutory standing under 29 U.S.C. § 1132 to maintain the action because a trade association is not an enumerated party in § 502(a)(3) of ERISA; and

> 2. Because SIIA-member contract administrators were not fiduciaries, they had no associational standing for SIIA.

[3]Interestingly, in October 1992, the same district court judge who issued the order and judgment in this case rendered a contradictory order in another case that was very similar to this one. In *NGS American, Inc. v. Philip Barnes,* 805 F.Supp. 462 (W.D.Tex.1992), one plaintiff was a third-party administrator of self-funded ERISA plans.

> The district court noted that, under Texas law, NGS was considered a fiduciary and, thus, might well be empowered to bring suit under ERISA. Regardless of NGS's status, however, the district court found that there was general federal question jurisdiction, that NGS had standing to bring the action, and that art. 21.07-6 was void because it was preempted by ERISA.

SIIA contends that although the suit is not expressly authorized under § 1132, the district court had general federal question jurisdiction pursuant to 28 U.S.C. § 1331. Section 1331 states:

> The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States.

28 U.S.C. § 1331.

SIIA argues that arts. 4.11A and 21.07-6 violate the Supremacy Clause of the United States Constitution by virtue of the broad preemption provision in ERISA, which is codified at 29 U.S.C. § 1144. Consequently, SIIA asserts that federal common law governs the outcome and, thus, this case "aris[es] under the ... laws ... of the United States" for jurisdictional purposes.[4] In support of its jurisdictional contentions, SIIA relies on *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983). In *Shaw,* employer/plan sponsors claimed that certain state laws were preempted by ERISA, and the *Shaw* Court noted:

> It is beyond dispute that federal courts have jurisdiction over suits to enjoin state officials from interfering with federal rights. *See Ex Parte Young,* 209 U.S. 123, 160-62 [28 S.Ct. 441, 454-55, 52 L.Ed. 714] (1908). A plaintiff who seeks injunctive relief from state regulation on the ground that such regulation is pre-empted by a federal statute which, by virtue of the Supremacy Clause of the Constitution, must prevail, thus presents a federal question which the federal courts have jurisdiction under 28 U.S.C. § 1331 to resolve.

*Id.* at 96 n. 14, 103 S.Ct. at 2899 n. 14. (citations omitted); *see also Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 64-67, 107 S.Ct. 1542, 1546-48, 95 L.Ed.2d 55 (1987) (claim of ERISA preemption arises under the laws of the United States for § 1331 purposes); *Provident Life & Accident Ins. Co. v. Waller,* 906 F.2d 985, 988-91 (4th Cir.1990) (absence of express statutory grant of jurisdiction under § 1332 irrelevant under rationale of *City of Milwaukee* and claim could be brought under 28 U.S.C. § 1331); *Northeast Dep't ILGWU Health & Welfare Fund v. Teamsters Local Union No. 229,* 764 F.2d 147, 154-59 (3d Cir.1985) (Becker, J.) (same). *See generally Federal Jurisdiction over Declaratory Suits Challenging State Action,* 79 Colum.L.Rev. 983 *passim* (1979). Moreover, because there is no underlying state court action involved in this litigation the preemption issue is particularly amenable to a federal forum.

---

[4] In *Illinois v. City of Milwaukee, Wis.,* 406 U.S. 91, 92 S.Ct. 1385, 31 L.Ed.2d 712 (1972), the Supreme Court established that § 1331 jurisdiction exists for not only claims rooted in federal statutes, but federal common law as well. *See id.* at 100, 92 S.Ct. at 1391.

In *Braniff Int'l, Inc. v. Florida Pub. Serv. Comm'n,* 576 F.2d 1100 (5th Cir.1978), this court was faced with an identical jurisdictional issue. Six air carriers filed suit for declaratory and injunctive relief contending that state regulation of interstate air carriers violated the supremacy clause. The court expressly held when a party seeks injunctive and declaratory relief based upon the unconstitutionality of a state statute, and "there are no other concrete impediments to the proper exercise of federal question jurisdiction," the availability of state administrative remedies does not deprive a federal court of jurisdiction. *See id.* at 1106. Implicitly, the court held that general federal question jurisdiction exists in cases seeking both declaratory and injunctive relief. *See id.; see also ANR Pipeline Co. v. Corporation Comm'n of Okla.,* 860 F.2d 1571, 1575-77 (10th Cir.1988) (jurisdiction exists under § 1331 in cases seeking declaratory and injunctive relief challenging constitutionality of state statute), cert. denied, 490 U.S. 1051, 109 S.Ct. 1967, 104 L.Ed.2d 435 (1989); *cf. Lowe v. Ingalls Shipbuilding,* 723 F.2d 1173, 1180-81 n. 7 (5th Cir.1984) (general federal question jurisdiction absent because no injunctive relief was sought and no allegation of state action was made).

The defendants further contend that indirect jurisdiction under § 1331 would render meaningless the limiting language of § 1132, and they distinguish *Shaw* by pointing out that the plaintiffs in *Shaw* exercised discretionary authority, which made them fiduciaries and brought them within § 1132. We reject this contention because well-settled principles of standing serve to guard against this concern. Further, just because the plaintiffs in *Shaw* were able to exercise § 1132 jurisdiction does not preclude federal common law jurisdiction in this suit.

The defendants contend that the district court lacked subject matter jurisdiction because Fifth Circuit authority states that ERISA standing is exclusively vested in the entities specifically enumerated in § 1132. *See Hermann Hosp. v. MEBA Medical & Benefits Plan,* 845 F.2d 1286, 1287 (5th Cir.1988). The defendants argue that the district court should not infer subject matter jurisdiction without a clear legislative mandate.

*Hermann Hospital* is inapplicable in the current context. In *Hermann Hospital* we noted that "the hospital did not assert federal common law claims below and is now precluded from raising

federal question jurisdiction as a basis for standing." *Hermann Hospital,* 845 F.2d at 1287 n. 1.

Therefore, we did not even address whether 28 U.S.C. § 1331 conferred general federal question

jurisdiction in *Hermann Hospital.*

The defendants also point to *Franchise Tax Bd. v. Construction Laborers' Vacation Trust,*

463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983), which they argue limits federal subject matter

jurisdiction to the parties enumerated in Section 1132. In *Franchise Tax Board,* the plaintiff, a state

taxing authority, brought suit in state court seeking: (i) damages for a failure to comply with tax

levies; and (ii) a declaration that its authority to levy *was not* preempted. The defendant removed

the case to federal court. The defendant asserted section 1331 as a basis for federal jurisdiction on

the ground that any interpretation or application of ERISA implicated federal common law.

The Supreme Court agreed that the case presented a question of federal common law, but

nonetheless held that the district court lacked subject matter jurisdiction. The court rejected subject

matter jurisdiction primarily because it limited its analysis to consider whether the action arose under

ERISA. *See id.* at 2855.[5] Additionally, the court found that if it were to recognize the tax board's

claim under section 1331 it would violate the "well-pleaded complaint rule." *See id.* at 13-22, 103

S.Ct. at 2848-53.[6]

---

[5]The *Franchise Tax Board* court stated:

> [The trust fund's] argument that [the tax board's] second cause of action arises
> under ERISA fails ... ERISA carefully enumerates the parties entitled to seek relief
> under § 502; it does not provide [anyone else] with an express cause of action for
> a declaratory judgment on the issues in this case. A suit for similar relief by some
> other party does not "arise under" that provision.

*Id.* at 27, 103 S.Ct. at 2855.

[6]It is axiomatic that to invoke federal question jurisdiction, a federal issue must appear on the
face of the complaint. An anticipation of a defense that implicates a federal issue does not give
rise to federal question jurisdiction. *See Franchise Tax Board,* 463 U.S. at 9-10, 103 S.Ct. at
2846; *Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908).

> Federal question jurisdiction is available if either: (i) "some substantial, disputed
> question of federal law is a necessary element of one of the well-pleaded state claims;" or
> (ii) one of the claims is effectively one of federal law. *See Franchise Tax Board,* 463 U.S.
> at 13, 103 S.Ct. at 2848.

> In *Shaw,* the Supreme Court distinguished between cases lacking federal

Without entering into the intricacies of the "well-pleaded complaint rule" in the present action, suffice it to say that we are not confronted with a well-pleaded complaint problem because a federal declaratory judgment action affirmatively brought to determine whether a state law is preempted presents a valid basis for federal question jurisdiction.[7] *See Shaw,* 463 U.S. at 96 n. 14, 103 S.Ct. at 2899 n. 14; *see also Waller,* 906 F.2d at 989.

The defendants' contention that allowance of § 1331 jurisdiction would gut the limitations imposed by § 1132 is not necessarily accurate. In fact, the defendants' entire subject matter jurisdiction argument confuses standing with jurisdiction. SIIA is not seeking benefits under a plan or claiming violations of a plan. The question of preemption is particularly one for the federal courts and arises as much from the Constitution as from ERISA. Therefore, the district court erred in finding that it lacked subject matter jurisdiction.

## Is this a Proper Party?

The district court focused on section 1132(d), and determined that SIIA was not an enumerated party. The district court reviewed the proffered interrogatories and determined that SIIA had failed to prove that its members were fiduciaries. Consequently, the court held that SIIA lacked standing. On appeal, SIIA contends that it has associational standing to wage this suit despite the district court's finding that its members were not fiduciaries.

A trade group has associational standing when:

(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.

*Hunt v. Washington Apple Advertising Comm'n,* 432 U.S. 333, 343, 97 S.Ct. 2434, 2441, 53 L.Ed.2d

---

jurisdiction, such as *Franchise Tax Board,* because they seek a passive declaration that state laws *are not* preempted, from federally cognizable cases, such as *Shaw* and the case at bar, where companies subject to ERISA regulation seek an affirmative injunction against claims that are preempted by ERISA.

[7]In *Franchise Tax Board,* the case was brought pursuant to a state declaratory judgment statute by the state itself seeking to establish that its levying power was valid. There was no federal jurisdiction in *Franchise Tax Board* because general federal common law was implicated only as a defense to the principal claim. However, where as here, when the primary claim states a federal question on its face no such well-pleaded complaint problem is present.

383 (1977).

The district court found that SIIA's members were not fiduciaries because SIIA failed to provide sufficient proof that they exercised discretionary authority. Interestingly, the same district judge that issued this order found that third-party administrators of ERISA plans are fiduciaries according to the Texas Insurance Code. *See NGS Am., Inc. v. Phillip Barnes,* 805 F.Supp. 462 (W.D.Tex.1992). Article 21.07-6 of the Texas Insurance Code states:

> Premiums and contributions collected by an administrator on behalf of or for an insurer, plan, or plan sponsor, and return premiums received from an insurer, plan, or plan sponsor are held by the administrator in a fiduciary capacity.

Tex.Ins.Code art. 21.07-6(17)(a) (Vernon Supp.1992).

SIIA's members are fiduciaries under applicable state law and, thus, would have standing to sue in their own right. Moreover, SIIA's individual members meet both prongs of the standing test laid out in *Association of Data Processing Serv. Org. v. Camp,* 397 U.S. 150, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970). Under *Data Processing,* a plaintiff that seeks standing to maintain an action alleging violations of a federal statute must: (i) suffer injury in fact; and (ii) fall within the zone of interest protected by the statute. *See Data Processing,* 397 U.S. at 153, 90 S.Ct. at 830.

The plaintiffs allege that if they are required to pay the taxes imposed by the statute, they will then suffer economic out of pocket injury. Further, they reason that if these taxes are found to be preempted by ERISA, then they will obtain redress through this suit. Indeed, allegations of actual injury that are likely to be remedied with favorable court action are sufficient to confer standing. *See, e.g., Warth v. Seldin,* 422 U.S. 490, 498-99, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343 (1975).

Second, SIIA argues that employer/plan sponsors and contract administrators are within the zone of interest protected by ERISA. The genesis of the "zone of interest" requirement emanated from *Data Processing.* The Supreme Court articulated:

> The question of standing ... concerns, apart from the "case' or "controversy' test, the question whether the interest sought to be protected by the complainant is arguably within the zone of interests to be protected or regulated by the statute or constitutional guarantee in question.

*Data Processing,* 397 U.S. at 153, 90 S.Ct. at 830.

It is beyond dispute that SIIA's members are impacted by the disputed provisions in the Texas

Insurance Code. Further, employer/plan sponsors and contract administrators providing services to ERISA plans are sufficiently within ERISA's zone of interest. This finding is buttressed by the fact that under Texas state law SIIA's members are considered fiduciaries and, thus, expressly enumerated under § 1132.

Additionally, the second two requirements of associational standing are easily met. The interest that SIIA seeks to protect are germane to the organization's purpose. Moreover, it is undeniable that SIIA's individual members need not participate in the litigation. Therefore, SIIA is properly in a position to represent its members in a representative capacity and has standing to do so.

## CONCLUSION

The district court properly had jurisdiction to entertain this case as a general federal question. Further, SIIA had associational standing to bring this case. We REVERSE the dismissal made by the district court, and because the district court made no inquiry into the merits, we REMAND the case for such an inquiry.