United States Court of Appeals,

Fifth Circuit.

No. 92-8612.

NGS AMERICAN, INCORPORATED and MASCO Industries Self-Funded Employee Benefit Plans, Plaintiffs-Appellees,

v.

Phillip W. BARNES, in his capacity as Commissioner of Insurance for the State of Texas, Defendant-Appellant.

Aug. 20, 1993.

Appeal from the United States District Court for the Western District of Texas.

Before REAVLEY, DUHÉ, and BARKSDALE, Circuit Judges.

DUHÉ, Circuit Judge:

Appellee NGS American, Inc. (NGS) and Appellee Masco Industries (Masco) sued to enjoin Appellant Phillip Barnes, in his capacity as Commissioner of Insurance for the State of Texas, from enforcing article 21.07-6 of the Texas Insurance Code against NGS and Masco. The district court granted summary judgment in favor of NGS and Masco, holding that art. 21.07-6, insofar as it relates to administrators of ERISA-governed insurance plans, is pre-empted by ERISA and therefore unconstitutional under the Supremacy Clause of the United States Constitution, 805 F.Supp. 462. We affirm.

FACTS

Masco is based in Michigan with operations in eighteen states, including Texas. Masco established a Self-Funded Employee Benefit Plan (Masco Plan) to provide medical and other benefits to its employees. The Masco Plan is an "employee benefit plan" within the meaning of the Employee Retirement Income Security Act (ERISA).[1] NGS, also a Michigan corporation, serves as a third-party administrator to the Masco Plan. Certain beneficiaries of the Masco Plan reside in Texas.

When Appellant Texas Commissioner of Insurance (the Commissioner) sought to enforce Texas Insurance Code article 21.07-6 against both NGS and Masco, they sued in the Eastern District

[1]29 U.S.C. § 1002(1).

of Michigan, to enjoin the Commissioner from such action on the basis that the article is pre-empted by § 514(a) of ERISA. NGS and MASCO then moved for summary judgment. In addition to his response to the motion for summary judgment, the Commissioner filed a motion to dismiss and notices of discovery. NGS and MASCO sought to quash the Commissioner's notices of discovery, so the Commissioner moved to compel discovery. The court then transferred the case to the Western District of Texas while NGS's and MASCO's motion for summary judgment and the Commissioner's motion to compel discovery were still pending.

The court in Texas ordered NGS and MASCO to submit evidence establishing their standing under ERISA. They responded by submitting the affidavit of an NGS employee, describing NGS's business. Without ruling on the Commissioner's motion to compel discovery, the court granted summary judgment in favor of NGS and MASCO, holding that both had standing pursuant to 28 U.S.C. § 1331 and ERISA to challenge whether ERISA pre-empts art. 21.07-6. The court concluded that the article is pre-empted by ERISA to the extent that it applies to third-party administrators of ERISA-governed insurance plans.

The Commissioner appeals the grant of summary judgment, arguing that (1) art. 21.07-6 is a valid regulation of the business of insurance under § 514(b) of ERISA and therefore is not pre-empted, and (2) summary judgment was premature because the Commissioner was not afforded an opportunity for discovery.[2]

## DISCUSSION

### I. Standard of Review

Our standard of review of a district court's grant of summary judgment is plenary. *Dorsett v. Board of Trustees for State Colleges & Universities,* 940 F.2d 121, 123 (5th Cir.1991). Summary judgment is appropriate if the record discloses "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In reviewing the summary judgment, we apply the same standard as did the district court. *Waltman v.*

---

[2]The Commissioner originally contested NGS's and MASCO's standing to bring this action, but now concedes that both have standing pursuant to 28 U.S.C. § 1331 and this Court's recent decision in *Self-Insurance Institute v. Korioth,* 993 F.2d 479 (5th Cir.1993).

*International Paper Co.,* 875 F.2d 468, 474 (5th Cir.1989); *Moore v. Mississippi Valley State Univ.,* 871 F.2d 545, 548 (5th Cir.1989). We must "review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto. Ins. Co.,* 784 F.2d 577, 578 (5th Cir.1986).

II. ERISA Pre-emption Analysis

A. An Overview of ERISA Pre-emption.

We begin our inquiry into whether a federal statute pre-empts state law by determining Congressional intent. *FMC Corp. v. Holliday,* 498 U.S. 52, 56-58, 111 S.Ct. 403, 407, 112 L.Ed.2d 356 (1990). "In performing this analysis we begin with any statutory language that expresses an intent to pre-empt, but we look also to the purpose and structure of the statute as a whole." *Corcoran v. United Healthcare, Inc.,* 965 F.2d 1321, 1328 (5th Cir.1992), *cert. denied,* --- U.S. ----, 113 S.Ct. 812, 121 L.Ed.2d 684 (1992) (citing *FMC Corp.,* 498 U.S. at 56-58, 111 S.Ct. at 407).

ERISA regulates employee benefit plans. As the Supreme Court explained in *Metropolitan Life Ins. Co. v. Massachusetts,* 471 U.S. 724, 732, 105 S.Ct. 2380, 2385, 85 L.Ed.2d 728 (1985), employee benefit plans may self-insure, or may purchase insurance for their beneficiaries. Plans that purchase insurance may find themselves directly affected by state laws regulating the insurance industry. For the sake of uniformity and to ease the administrative burdens imposed on employee benefit plans complying with both state insurance laws and ERISA, Congress provided that ERISA shall "supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." ERISA § 514(a); 29 U.S.C. § 1144(a). This pre-emption provision is "intended to apply in its broadest sense in all actions of State or local governments which have the force of law." *Pilot Life Insurance Co. v. Dedeaux,* 481 U.S. 41, 46, 107 S.Ct. 1549, 1552, 95 L.Ed.2d 39 (1987). Pre-emption under ERISA is extensive. The Supreme Court recently stated: "The pre-emption clause is conspicuous for its breadth. It establishes as an area of exclusive federal concern the subject of every state law that "relate[s] to' an employee benefit plan governed by ERISA." *FMC Corporation v. Holliday,* 498 U.S. 52, 56-58, 111 S.Ct. 403, 407, 112 L.Ed.2d 356 (1990). The term "relates to" must be given the broadest possible reasonable interpretation. *Shaw v. Delta Air*

*Lines, Inc.,* 463 U.S. 85, 96, 103 S.Ct. 2890, 2899, 77 L.Ed.2d 490 (1983).

As Congress giveth, Congress taketh away: Although § 514(a) of ERISA broadly pre-empts state laws relating to employee benefit plans, § 514(b)(2)(A) qualifies that pre-emption by broadly stating that, with one exception, "nothing in [ERISA] shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking, or securities." 29 U.S.C. § 1144(b)(2)(A). This section, commonly called the "savings clause," is nearly as expansive as § 514(a). The one exception to § 514(b)(2)(A) is found in § 514(b)(2)(B), commonly called the "deemer clause," which provides that "no employee benefit plan, with certain exceptions not relevant here, "shall be deemed to be an insurance company or other insurer ... for purposes of any law of any State purporting to regulate insurance companies....' " *Metropolitan Life,* 471 U.S. at 733-34, 105 S.Ct. at 2385-86 (quoting 29 U.S.C. § 1144(b)(2)(B)).

With this background in mind, we turn to art. 21.07-6 of the Texas Insurance Code.

B. ERISA Pre-emption of art. 21.07-6.

The Commissioner blends two arguments into one: He argues that art. 21.07-6 regulates the business of insurance as permitted by § 514(b), and that art. 21.07-6 is merely a licensing statute that does not "relate to" an ERISA plan. We address these arguments separately.

1. Does art. 21.07-6 fall within § 514(b), the savings clause?

The Commissioner baldly asserts that art. 21.07-6 regulates the business of insurance, but overlooks the Supreme Court's pronouncement on this very subject. In *Metropolitan Life,* 471 U.S. at 724, 105 S.Ct. at 2380, the Supreme Court set forth the two-pronged test a statute must meet to fall within the savings clause of § 514(b): First, a court evaluating a state statute determines whether the statute meets the common sense definition of insurance regulation. Second, the court looks to the following three factors: (1) Whether the state statute spreads the policyholders' risk; (2) whether the state statute is an integral part of the policy relationship between the insurer and the insured; and (3) whether the practice is limited to entities within the insurance industry. If the statute fits the common sense definition of insurance regulation, and the court answers "yes" to each of the three inquiries in the second prong of the test, then the statute falls within the savings clause and is not

pre-empted by ERISA. *Tingle v. Pacific Mut. Ins. Co.,* 996 F.2d 105 (5th Cir.1993) (citing *Metropolitan Life,* 471 U.S. at 743-44, 105 S.Ct. at 2391).

It strikes us as we apply this test to the case at hand that the Commissioner's own brief undermines his contention that art. 21.07-6 regulates the business of insurance. Article 21.07-6 purportedly regulates insurance by regulating the administrators of insurance plans. In explaining the functions of administrators regulated by art. 21.07-6, the Commissioner states that "[w]here an administrator enters into a contract with an insurer to collect premiums and adjust claims, that administrator stands in the shoes of the insurer for all purposes *except the bearing of risk.*" Appellant's brief p. 26 (emphasis added). Thus, the Commissioner concedes that the administrators that Texas seeks to regulate under art. 21.07-6 perform no risk-bearing function. Because these administrators perform no risk-bearing function, regulating them under art. 21.07-6 does not spread risk among policyholders. Therefore, art. 21.07-6 fails the first inquiry of the second prong of the *Metropolitan Life* test.[3] Article 21.07-6 is not a regulation of insurance within § 514(b).

2. Does art. 21.07-6 "relate to" an ERISA plan?

Having rejected the Commissioner's argument that art. 21.07-6 is a valid regulation of insurance, we turn to his argument that the article does not "relate to" an ERISA plan.

The Commissioner argues that art. 21.07-6 is first and foremost a licensing statute that applies to administrators "regardless of whether they contract to provide services to conventional insurance products or ERISA plans."[4] We disagree. Article 21.07-6 does far more than merely license administrators. For example, section Eight of the article provides that the Commissioner may review

---

[3]Because we conclude that art. 21.07-6 fails one inquiry of the second prong of the test, we need not address the rest of the test.

[4]Appellant relies on *Benefax Corp. v. Wright,* 757 F.Supp. 800 (W.D.Ky.1990). In this case the court upheld a Kentucky state licensing statute for administrators of insurance plans on the basis that any effect the statute had on ERISA plans was tenuous. The Kentucky statute provided that "the Commissioner shall not issue, ... any administrator license ... unless such person demonstrates ... that he or she is 21 years of age, competent, trustworthy, reliable, maintains a good reputation, has attained an acceptable level of education, is financially responsible, has never had a license issued by the Commissioner terminated for cause and has paid the fee prescribed by law." *Benefax* is distinguishable because art. 21.07-6 is far more intrusive than the Kentucky statute.

the financial statements of the administrator and all written agreements between the administrator and various insurers and plans. Section Nine provides that each administrator must file an annual report with the Commissioner. Section Fourteen provides that the Commissioner be given access to an administrator's books and records for the purposes of examination, audit, and inspection. It is clear to us, particularly in light of the breadth of the § 514(a) pre-emption clause, that art. 21.07-6 imposes significant burdens on administrators of ERISA-governed employee benefit plans. It is these burdens of complying with conflicting state regulations that Congress sought to eliminate by enacting ERISA. *Shaw v. Delta Airlines, Inc.,* 463 U.S. 85, 105, 103 S.Ct. 2890, 2904, 77 L.Ed.2d 490 (1983) (Congress sought to "ensur[e] that employers would not face "conflicting or inconsistent State and local regulation of employee benefit plans.'" (quoting 120 Cong.Rec. 29933 (1974) (remarks of Sen. Williams))).

In our view art. 21.07-6 impermissibly "relates to" NGS in its role as administrator for the Masco Plan, and to that extent the article is pre-empted by ERISA.

III. Lack of Discovery

The Commissioner argues that the court erred in granting summary judgment in favor of NGS and Masco without ruling on his motion to compel discovery. In the Commissioner's view this premature grant of summary judgment violates the Supreme Court's mandate that the non-moving party in a summary judgment proceeding should have "an opportunity to make full discovery." *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Appellant theorizes that if, through discovery, he could prove that NGS administers non-ERISA governed insurance plans as well as ERISA-governed plans, then he could persuade the Court that NGS should not be permitted to evade art. 21.07-6 on the basis that it administers only ERISA plans.

Appellant has failed to point to any issue of material fact that could preclude summary judgment. Masco is clearly governed by ERISA, and NGS is its administrator. Whether ERISA pre-empts art. 21.07-6 is a question of law, and Appellant's position that the article regulates insurance would be unaided by additional facts regarding NGS's business. Whether NGS may also

administer plans other than Masco's and not governed by ERISA is left to be resolved another day.

## CONCLUSION

For the foregoing reasons, we conclude that art. 21.07-6 of the Texas Insurance Code, as applied to third-party administrators of ERISA-governed insurance plans *in their capacity as* third party-administrators of ERISA-governed insurance plans, is pre-empted by ERISA. Our holding does not preclude the Texas Commissioner of Insurance from enforcing the article against third-party administrators of non-ERISA governed insurance plans, or against third-party administrators of both ERISA and non-ERISA governed plans in their capacity as administrators of non-ERISA governed plans. The district court's grant of summary judgment in favor of NGS and Masco is

AFFIRMED.