United States Court of Appeals,

Fifth Circuit.

No. 94-50089

Summary Calendar.

SELF-INSURANCE INSTITUTE OF AMERICA, INC., Plaintiff-Appellee,

v.

Claire KORIOTH, et al., Defendants-Appellants.

Sept. 15, 1994.

Appeal from the United States District Court for the Western District of Texas.

Before SMITH, EMILIO M. GARZA and PARKER, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Claire Korioth, on behalf of the State of Texas, appeals an award of back taxes and attorneys' fees and costs to Self-Insurance Institute of America, Inc. ("SIIA"), stemming from the district court's holding that TEX.INS.CODE art. 21.07-6 was preempted by the Employee Retirement and Income Security Act of 1974, 29 U.S.C. §§ 1001-1461 ("ERISA"). Concluding that the court correctly awarded the back taxes but incorrectly assessed attorneys' fees and costs, we affirm in part, reverse in part, and remand in part.

I.

The district court originally dismissed the case for want of jurisdiction, but this court reversed and remanded for a review on the merits. *SIIA v. Korioth,* 993 F.2d 479 (5th Cir.1993). On remand, the district court granted SIIA's motion for summary judgment as to the preemption issue and awarded SIIA back taxes and attorneys' fees and costs. This appeal, as to the award only,

1

follows.

## II.

We review a grant of summary judgment *de novo*. *Thomas v. Price,* 975 F.2d 231, 235 (5th Cir.1992). Summary judgment is appropriate where the record discloses "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c). In reviewing the summary judgment, we apply the same standard as did the district court. *Waltman v. International Paper Co.,* 875 F.2d 468, 474 (5th Cir.1989).

## A.

Korioth first asserts that the Eleventh Amendment bars SIIA's recovery for past taxes collected by the state under art. 21.07-6. Without reaching the issue of whether the Eleventh Amendment is applicable to an ERISA action, we assume *arguendo* that it is and conclude that the recovery of back taxes is not a retrospective monetary award and thus is not barred by the doctrine of *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908).

The *Young* fiction—that acts of state officials that are contrary to federal law cannot have been authorized by the state and therefore are not subject to Eleventh Amendment immunity—has been interpreted by the Supreme Court so as not to allow retroactive monetary relief against a state. *See Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 102-03, 104 S.Ct. 900, 909, 79 L.Ed.2d 67 (1984). The crucial inquiry is not the magnitude of the impact of the ruling on the state's treasury, but whether the

2

impact is a "necessary result of compliance with decrees which by their terms were prospective in nature." *Edelman v. Jordan,* 415 U.S. 651, 668, 94 S.Ct. 1347, 1358, 39 L.Ed.2d 662 (1974); *see also Goldberg v. Kelly,* 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970) (holding that where the termination of benefits paid to welfare recipients without a hearing violated due process, the ancillary effect of retrospective reimbursement was a necessary result of compliance with a prospective decree).

The Court in *Edelman* reversed the award of retrospective payments because it was a form of compensation for the slower processing of public aid applications, amounting to an award of damages against the state. *Edelman,* 415 U.S. at 668, 94 S.Ct. at 1358. "It is measured in terms of a monetary loss resulting from a past breach of a legal duty on the part of the defendant state officials"; equitable restitution of this sort is barred expressly by the Eleventh Amendment. *Id.* Payment of funds "as a necessary consequence of compliance in the future with a substantive federal-question determination" is constitutional. *Id.*

We conclude that the refund of wrongly withheld tax dollars is not an unconstitutional award of compensatory damages, but rather a restoration of monies that is ancillary to the prospective relief ordered by the court. *See Association of Surrogates v. New York,* 940 F.2d 766, 774 (2d Cir.1991), *cert. denied,* --- U.S. ----, 112 S.Ct. 936, 117 L.Ed.2d 107 (1992). "The State received monies from the ERISA plans to which it was not entitled. The funds must be returned." *E-Systems, Inc. v. Pogue,* 929 F.2d 1100, 1104 (5th

3

Cir.1991), *cert. denied,* --- U.S. ----, 112 S.Ct. 585, 116 L.Ed.2d 610 (1991).

Korioth's citations to *Milliken v. Bradley,* 433 U.S. 267, 97 S.Ct. 2749, 53 L.Ed.2d 745 (1977), and *Ford Motor Co. v. Department of Treas.,* 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389 (1945), are inapposite. First, the footnote from *Milliken* that Korioth quotes does not support his analogy to *Edelman. See Milliken,* 433 U.S. at 290 n. 22, 97 S.Ct. at 2762 n. 22 ("In contrast to *Edelman,* there was no money award here.... This case simply does not involve individual citizens' conducting a raid on the state treasury for an accrued liability."). We do not believe that the refund of wrongfully held monies is tantamount to "a raid on the state treasury"; rather, the injunction entered in this case "could not instantaneously restore the victims of unlawful conduct to their rightful condition." *Milliken,* 433 U.S. at 290 n. 21, 97 S.Ct. at 2762 n. 21. As such, the award of back taxes is appropriate.

*Ford Motor Co.* is inapplicable on procedural grounds. There, the Court held the suit to be an action against the State of Indiana, not against the collecting official as an individual. As such, no *Young* question was involved, and the Court correctly determined that the only litigable issue was whether the State had consented to the suit. *Ford Motor Co.,* 323 U.S. at 464, 65 S.Ct. at 350-51. In contrast, Korioth has not contended that this is a suit against the state; rather, the claim is "for the imposition of personal liability on individual defendants for sums illegally exacted." *Id.*

In summary, assuming *arguendo* that the Eleventh Amendment applies, we therefore hold that the district court's award of back taxes to SIIA is not an unconstitutional retroactive monetary damage assessed against the State of Texas. The action SIIA has brought is an *Ex parte Young* action seeking the refund of wrongfully withheld tax monies from the responsible individuals. The refund of tax dollars is ancillary to the court's prospective injunctive relief against the enforcement of TEX.INS.CODE art. 21.07-6 and thus is constitutional as assessed against the named defendants.

## B.

Korioth next contends that SIIA failed to offer any evidence that its members administer only ERISA-governed plans, and the court's order is, therefore, too broad. We agree with Korioth that the Texas Commissioner of Insurance may enforce art. 21.07-6 "against third party administrators of non-ERISA governed insurance plans, or against third party administrators of both ERISA and non-ERISA governed plans in their capacity as administrators of non-ERISA governed plans." *NGS Am., Inc. v. Barnes,* 998 F.2d 296, 300 (5th Cir.1993). Because the district court did not elicit this information from SIIA and thus was unable to determine to what extent any particular administrator would be exempt from state regulation, we remand to the district court for further inquiry.

## C.

Korioth also takes issue with SIIA's status as an associational fiduciary under ERISA, 29 U.S.C. § 1132, and under

5

Texas law.  This issue was addressed previously by this court, and we refuse to revisit it in this appeal.  *See SIIA,* 993 F.2d at 484-85 ("This finding is buttressed by that fact that under Texas state law SIIA's members are considered fiduciaries and, thus, expressly enumerated under § 1132....  Therefore, SIIA is properly in a position to represent its members in a representative capacity and has standing to do so.").

Korioth's motion for reconsideration is not properly before us in this appeal.  As such, our prior holding that SIIA is an associational fiduciary and has standing to sue on behalf of its fiduciary members is binding on this appeal.  To the extent, however, that SIIA represents insurance plans that *NGS Am., Inc. v. Barnes* does not exempt expressly from the auspices of art. 21.07-6, SIIA does not have associational status to sue on behalf of those plans.

III.

Korioth next challenges the district court's order requiring him to pay SIIA's attorneys' fees and costs.  Although Korioth does not contest that 29 U.S.C. § 1132(g)(1) authorizes the district court to assess attorneys' fees in ERISA actions brought by a participant, beneficiary, or fiduciary, he alleges that SIIA is not a fiduciary and thus is not one of the enumerated parties.  We agree and therefore reverse the award.

As Korioth points out, this court, in the previous appeal of the jurisdictional and standing questions, held that SIIA could maintain this suit under 28 U.S.C. § 1331 (original jurisdiction

6

for district courts where actions arise under the Constitution, laws, or treatises of the United States), notwithstanding the fact that the suit was not authorized expressly by 29 U.S.C. § 1132 (an ERISA provision conferring standing for participants, beneficiaries, and fiduciaries only). *SIIA,* 993 F.2d at 481-84. Furthermore, SIIA had sufficient associational standing to bring suit because *its members were expressly enumerated fiduciaries under § 1132. Id.* at 484-85. We did not say that SIIA itself was an enumerated fiduciary, but only that its standing to sue derived from its representative and associational capacity in relation to its fiduciary members. *Id.*

Because the plain language of § 1132 authorizes the district court to award attorneys' fees only where the suit is maintained by a participant, beneficiary, or fiduciary, we refuse to expand the plain meaning of § 1132 to include parties with associational standing. We are particularly hesitant to read beyond the plain language of a statute where the matter at issue is in direct conflict with the prevailing common law—absent statutory language to the contrary, the American Rule provides that each party is responsible for its own attorneys' fees and costs. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y,* 421 U.S. 240, 247, 95 S.Ct. 1612, 1616-17, 44 L.Ed.2d 141 (1975). Although we are aware that each individual member could have brought suit on its own behalf and that associational standing confers benefits by facilitating joint action, we decline to read into § 1132 a provision that

7

Congress did not see fit to express.[1]

We are not convinced by SIIA's argument in the alternative that the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, authorizes the award of attorneys' fees. Although we agree that the Act authorizes fees where applicable state law would otherwise allow them, *see Mercantile Nat'l Bank v. Bradford Trust Co.,* 850 F.2d 215, 218 (5th Cir.1988), we disagree with SIIA that *Texas Educ. Agency v. Leeper,* 1994 WL 264969, --- S.W.2d ---- (Tex. June 15, 1994), authorizes the assessment of fees against the State. *See* TEX.CIV.PRAC. & REM.CODE §§ 37.001, 37.009.

In *Leeper,* the court authorized the award of attorneys' fees against *municipalities,*

> insofar as [the Texas Uniform Declaratory Judgments Act ("DJA") ] defines "person" as including municipalities, requires municipalities to be joined in actions involving the validity of ordinances, and allows awards of attorneys fees and costs without any indication of an intent to exempt municipalities.... We conclude that by authorizing declaratory judgment actions to construe the legislative enactments of governmental entities and authorizing awards of attorney fees, the DJA necessarily waives governmental immunity for such awards.

1994 WL 264969, at *12-*13, --- S.W.2d at ---- - ----.

The Texas Supreme Court's decision to hold municipalities liable for attorneys' fees apparently stems in part from the specific enumeration of municipalities under § 37.001. Although the Attorney General is required to be joined in actions that

---

[1]*See also, AIRCO Indus. Gases, Inc. v. Teamsters Pension Trust Fund,* 668 F.Supp. 893, 905 (D.Del.1987) (refusing to extend § 1132 to a plaintiff suing in its capacity as an employer, not as a fiduciary), *rev'd in part on other grounds,* 850 F.2d 1028 (3d Cir.1988).

challenge the constitutionality of statutes, TEX.CIV.PRAC. & REM.CODE §§ 37.006, the state is not an enumerated party under § 37.001. Furthermore, "[t]here is in § 37.009 nothing that even remotely suggests a waiver of governmental immunity in suits brought under the [DJA].... When such waivers *are* made, the Legislature does so in relatively explicit terms." *Texas Empl. Comm'n v. Camarena,* 710 S.W.2d 665, 671 (Tex.App.—Austin 1986), *rev'd on other grounds,* 754 S.W.2d 149 (Tex.1988); *see also Rodeheaver v. Steigerwald,* 807 S.W.2d 790, 793 (Tex.App.—Houston [14th Dist.] 1991, writ denied) ("Attorney's fees are not recoverable against a governmental entity under the [DJA]."), *cert. denied,* --- U.S. ----, 112 S.Ct. 1167, 117 L.Ed.2d 414 (1992).

Because the plain language of §§ 37.001 and 37.009 does not include the state as a party against which attorneys' fees may be levied, the *Leeper* court's decision does not extend to the state in this action. We therefore reverse the award of attorneys' fees and costs to SIIA.

IV.

We AFFIRM the district court's award of back taxes to SIIA but REMAND for further consideration of the fiduciary status of SIIA's associational members. We also REVERSE the assessment of attorneys' fees and costs against Korioth.

9