IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-30195
Summary Calendar
_____

BENJAMIN T. MEYERS,

                                   Plaintiff-Appellant,

versus

SHERIFF'S DEPARTMENT IBERIA PARISH;
GOVERNMENT OF IBERIA PARISH; ERROL
ANTOINE "ROMO" ROMERO, Individually
and as Sheriff of Iberia Parish;
RON SONNIER, Deputy Sheriff, Iberia
Parish Sheriff Department; AGENT #109,
Deputy Sheriff, Iberia Parish Sheriff
Department; A B C INSURANCE COMPANY,
Insurer of Iberia Parish Sheriff's
Department; X Y Z INSURANCE COMPANY,
Insurer of Iberia Parish Government,

                                   Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 96-CV-1568
- - - - - - - - - -
September 24, 1997

Before JOLLY, BENAVIDES and PARKER, Circuit Judges.

PER CURIAM:[*]

    Benjamin T. Meyers appeals the dismissal of his malicious-prosecution claim in his 42 U.S.C. § 1983 action, arguing that he pleaded a cause of action for malicious prosecution and that the

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

claim was timely inasmuch as it was filed within one year of the charges being dismissed.

The district court did not err in finding that Meyers failed to plead a malicious-prosecution claim. Meyers failed to allege that criminal proceedings were terminated in his favor or that there was a lack of probable cause. Nor did he allege facts that indicated the presence of malice. Miller v. East Baton Rouge Parish Sheriff's Dep't, 511 So. 2d 446, 452 (La. 1987). Although Meyers was proceeding pro se at the time that he filed his complaint, a pro se litigant is not exempt "from compliance with relevant rules of procedural and substantive law." Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981).

Meyers also argues that the granting of the motion for summary judgment was premature inasmuch as no discovery had been conducted. Meyers did not seek a continuance of the motion for summary judgment on the basis that additional discovery was needed and made no effort to conduct discovery in the six months between the time he filed his complaint and the time the motion for summary judgment was filed. Moreover, he does not indicate what information he needed to obtain through discovery. Meyers has failed to show that additional discovery was necessary to establish any issue of material fact which would have precluded summary judgment. See NGS American, Inc. v. Barnes, 998 F.2d 296, 300 (5th Cir. 1993).

AFFIRMED.