Dear Senator Trish Weedn
¶ 0 This office has received your request for an Attorney General Opinion in which you ask, in effect, the following question:
Does the Employee Retirement Income Security Act of 1974(ERISA), 29 U.S.C. §§ 1001-1461, preempt the Oklahoma Third-PartyAdministrator Act, 36 O.S. 1991, §§ 1441-1452, as it relatesto third-party administrators who strictly limit their activitiesto collecting contributions and settling claims for a self-fundedemployee welfare benefit plan which is subject to ERISA?
¶ 1 In answering your question, we must look at certain provisions of both ERISA and the Oklahoma Third-Party Administrator Act ("the TPA Act").
¶ 2 ERISA is a federal statute which comprehensively regulates employee benefit plans. To alleviate administrative burdens and to establish some semblance of uniformity for employee benefit plans to comply with both ERISA and state insurance laws, Congress provided that ERISA shall "supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan. . . ." 29 U.S.C. § 1144(a). The United States Supreme Court has held that this preemption is "intended to apply in its broadest sense to all actions of State or local governments . . . which have the force or effect of law." PilotLife Ins. Co. v. Dedeaux, 481 U.S. 41, 46 (1987). In F.M.C.Corp. v. Holliday, 498 U.S. 52, 58 (1990), the Court expounded on the extensive nature of the federal preemption as follows:
 [T]he pre-emption clause is conspicuous for its breadth. It establishes as an area of exclusive federal concern the subject of every state law that "relate[s] to" an employee benefit plan governed by ERISA.
¶ 3 In a previous decision, the Supreme Court held:
 [A] law "relates to" an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan.
 ¶ 4 Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 96-97 (1983). Therefore, Congress has given ERISA extensive preemption over both state and local government laws relating to employee benefit plans.
¶ 5 Although there is extensive federal preemption over state laws, there is an exception to federal preemption commonly referred to as the "Savings Clause." This exception provides that state laws that regulate insurance, banking or securities are valid and are not preempted by ERISA.
 Nothing in [ERISA] shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking, or securities. . . .
29 U.S.C. § 1144(b)(2)(A).
¶ 6 There is an exception, however, to the Savings Clause commonly referred to as the "Deemer Clause" which provides in part that:
 [No] employee benefit plan . . . shall be deemed to be an insurance company or other insurer . . . for purposes of any law of any State purporting to regulate insurance companies. . . .
29 U.S.C. § 1144(b)(2)(B).
¶ 7 ERISA's Deemer Clause prevents self-funded ERISA plans from being subject to state regulations under the Savings Clause. Although states are able to regulate insurance, ERISA's Deemer Clause precludes the use of that authority to allow impermissible state regulation that relates to an employee benefit plan governed by ERISA.
¶ 8 Having reviewed the pertinent sections of ERISA, we now turn to the specific provisions of Oklahoma's Third-Party Administrator Act. This state statute provides for licensing, bonding and reporting requirements of third-party administrators, including those who strictly limit their activities to collecting contributions and settling claims for a single employer self-funded employee welfare benefit plan which is subject to the provisions of ERISA.
¶ 9 Several provisions of the TPA Act require third-party administrator action to comply with the Act. In many instances, the TPA Act imposes additional requirements to those already mandated by ERISA. For example, title 36 O.S. 1991, § 1450[36-1450]
establishes licensing procedures for third-party administrators. The statute provides in part:
 A. No person shall act as or present himself or herself to be an administrator, as defined by the provisions of the Third-Party Administrator Act, in this state, unless the person holds a valid license as an administrator which is issued by the Insurance Commissioner.
. . . .
 D. The administrator's license shall be issued or renewed by the Commissioner unless, after notice and opportunity for hearing, the Commissioner determines that the administrator is not competent, trustworthy, or financially responsible, or has had any insurance license denied for cause by any state, has been convicted or has pleaded guilty or nolo contendere to any felony or to a misdemeanor involving moral turpitude or dishonesty.
 E. After notice and opportunity for hearing, and upon determining that the administrator has violated any of the provisions of the Oklahoma Insurance Code or upon finding reasons for which the issuance or nonrenewal of such license could have been denied, the Commissioner may either suspend or revoke an administrator's license or assess a civil penalty of not more than Five Thousand Dollars. . . .
¶ 10 This statute mandates that a contract administrator must be found to be "competent, trustworthy, or financially responsible," by the State Insurance Commissioner although ERISA has already established minimum standards with which a third-party administrator of an employee benefit plan must comply. See 29 U.S.C. § 1104. Further, 36 O.S. 1991, § 1445[36-1445]
provides for fiduciary duties of contract administrators as well as instructions on how to handle assets and pay claims, while ERISA establishes its own fiduciary duties as well as federal rules and standards regarding the handling of ERISA plan assets and claim payment procedures. See 29 U.S.C. § 1104. Title 36O.S. 1991, § 1448[36-1448] establishes certain bonding requirements for contract administrators, but ERISA establishes its own bonding requirements. See 29 U.S.C. § 1112.
¶ 11 Further, 36 O.S. 1991, § 1452[36-1452] provides that third-party administrators must submit a detailed certified annual report on each plan that they administer to the State Insurance Commissioner, despite the fact that ERISA requires other detailed reporting and disclosure requirements for third-party contract administrators of a self-funded ERISA plan. See 29 U.S.C. §§
1021-1025. In addition, 36 O.S. 1991, § 1443[36-1443] provides that TPAs must enter into written agreements which incorporate various aspects of the state act. Section 1443 also provides for the maintenance of records, which are subject to audit by the State Insurance Commissioner, while ERISA already provides for maintenance of records as well as audits of ERISA fiduciaries by the United States Department of Labor. See 29 U.S.C. §§ 1001, 1024, 1027. It is clear from these statutes that the Oklahoma Third-Party Administrator Act imposes additional and somewhat burdensome requirements upon third-party administrators of self-funded ERISA plans.
¶ 12 In NGS American, Inc. v. Barnes, 998 F.2d 296 (5th Cir. 1993), the United States Court of Appeals for the Fifth Circuit dealt with a Texas statute whose provisions were similar, and in some instances identical, to the provisions of Oklahoma's TPA Act. In this case Texas had enacted a statute which the Texas Insurance Commissioner argued was a licensing statute. The court held that the Texas TPC statute "does far more than merely license administrators." The court reviewed various sections of the Texas TPA statute stating:
 [S]ection Eight of the article provides that the Commissioner may review the financial statements of the administrator and all written agreements between the administrator and various insurers and plans. Section Nine provides that each administrator must file an annual report with the Commissioner. Section Fourteen provides that the Commissioner be given access to an administrator's books and records for the purposes of examination, audit, and inspection.
Id. at 299-300.
¶ 13 The Court of Appeals, after reviewing these various sections, found that the Texas TPA Act imposed significant burdens on administrators of ERISA-governed employee benefit plans. The court held:
 It is clear to us, particularly in light of the breadth of the Section 514(a) pre-emption clause, that art. 21.07-6 imposes significant burdens on administrators of ERISA-governed employee benefit plans. It is these burdens of complying with conflicting state regulations that Congress sought to eliminate by enacting ERISA. Shaw v. Delta Air Lines, 463 U.S. 85, 105, 103 S.Ct. 2890, 2904, 77 L.Ed.2d 490 (1983) (Congress sought to "ensur[e] that employers would not face `conflicting or inconsistent State and local regulation of employee benefit plans.'" (quoting 120 Cong.Rec. 29933 (1974) (remarks of Sen. Williams))).
Id. at 300.
¶ 14 The court concluded that the Texas statute "as applied to third-party administrators of ERISA-governed insurance plans intheir capacity as third-party administrators of ERISA-governed insurance plans, is preempted by ERISA." Id. (emphasis in original).
¶ 15 The Oklahoma Third-Party Administrator Act also is more than just a licensing statute, and it does far more than merely license administrators. The Act imposes substantial burdens upon administrators of ERISA-governed employee benefit plans and "it is these burdens of complying with conflicting state regulations that Congress sought to eliminate by enacting ERISA." NGSAmerican, 998 F.2d at 300. Therefore, applying the rationale of the Court of Appeals in NGS American, the Oklahoma Third Party Administrator Act is pre-empted by ERISA in regard to requirements imposed by the Act upon third-party administrators of ERISA-governed employee welfare benefits plans. However, the preemption applies only to those activities of third-party administrators acting in their capacity as third-party administrators of ERISA-governed self-funded employee welfare benefit plans.
¶ 16 It is, therefore, the official Opinion of the AttorneyGeneral that:
 The Employee Retirement Income Security Act of 1974,29 U.S.C. §§ 1001-1461, preempts the Oklahoma Third-Party AdministratorAct, 36 O.S. 1981, §§ 1441-1452, as applied to third-partyadministrators of ERISA-governed, self-funded employee welfarebenefit plans only in their capacity as third-partyadministrators of such self-funded employee welfare benefitsplans.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
STEVEN K. SNYDER ASSISTANT ATTORNEY GENERAL