# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 26, 2007

Charles R. Fulbruge III
Clerk

No. 07-10307
Summary Calendar

SONY PICTURES HOME ENTERTAINMENT INC., a Delaware corporation;
WARNER BROTHERS ENTERTAINMENT INC., a Delaware corporation

Plaintiffs - Appellees

v.

CHARLES LOTT

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:06-CV-322

Before JONES, Chief Judge, and HIGGINBOTHAM and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Charles Lott, appearing pro se, appeals the district court's grant of summary judgment in favor of Sony Pictures Home Entertainment Inc. and Warner Brothers Entertainment Inc. ("the Studios"). Finding no error, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On May 9, 2006, the Studios filed this copyright infringement action against Lott, contending that he used a peer-to-peer file sharing service to illegally download and share digital copies of three motion pictures on which the Studios held copyrights (the "Motion Pictures"). On December 12, 2006, the Studios moved for summary judgment. The district court concluded that Lott failed to show, using proper summary judgment evidence, that a genuine issue of material fact existed as to whether he committed copyright infringement. Accordingly, the district court granted the Studios' motion for summary judgment.

## II. DISCUSSION

We review the district court's grant of summary judgment de novo. Evans v. City of Houston, 246 F.3d 344, 347 (5th Cir. 2001). Summary judgment should be granted only if, after viewing the facts in the light most favorable to the nonmoving party, there is "no genuine issue of material fact." FED. R. CIV. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). An issue is material only if its resolution could affect the outcome of the action. Anderson, 477 U.S. at 248.

The moving party has the initial burden of showing that there is no genuine issue of material fact. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Once the moving party has carried this burden, the nonmoving party must do more than merely show that there is some metaphysical doubt as to the material facts. Id. The nonmoving party must "identify specific evidence in the record and articulate the 'precise manner' in which the evidence support[s] [its] claim[s]." Forsyth v. Barr, 19 F.3d 1527, 1537 (5th Cir. 1994). The nonmoving party may not avoid summary judgment by

resting "merely upon conclusory allegations, improbable inferences and unsupported speculation." Forsyth, 19 F.3d at 1533.

After a careful review of the record, we conclude that the Studios have met the initial burden of demonstrating that there is no genuine issue of material fact as to the copyright claims. We also conclude that Lott has failed to adduce sufficient summary judgment evidence to present a genuine issue of material fact. Lott argues that: (1) someone else could have hijacked his computer and committed the infringing acts; (2) the data the Studios relied on to identify his IP address could have been modified or fabricated; and (3) the files downloaded to his IP address may not have actually contained the Motion Pictures, even though the names of the files matched the names of the Motion Pictures. Lott raises these possibilities in his brief, but offers no summary judgment evidence that any of these hypothetical situations actually occurred. Although we liberally construe a pro se litigant's pleadings in his favor, the court will not "sift through the record in search of evidence" to support Lott's opposition to the motion for summary judgment. See Forsyth, 19 F.3d at 1553.

Lott advances two additional arguments on appeal.[1] Both are meritless. First, Lott argues that because the district court did not reach an issue raised by the Studios about spoliation of evidence, he is somehow entitled to a jury trial. In moving for summary judgment, the Studios maintained that the district court should apply an inference that Lott engaged in the infringing conduct because he erased his hard drive at some point after the alleged infringement. But as the district court noted, the record is sufficient to support summary judgment even in the absence of the spoliation inference. Therefore, the spoliation allegation is not an issue of material fact that would affect the

---

[1] Although Lott asks us to consider arguments he made in previous filings with the district court, he has abandoned any arguments he failed to include in the body of his brief. See FED. R. APP. P. 28(a)(4); see also Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). We therefore address only those issues that Lott presented and argued in his brief.

outcome of this action, and the district court did not err in declining to reach the question.

Finally, Lott contends that the district court prematurely cut short the discovery process by granting the Studios' motion for summary judgment. Discovery matters are entrusted to the "sound discretion" of the district court. Richardson v. Henry, 902 F.2d 414, 417 (5th Cir. 1990). Once a motion for summary judgment has been filed, a nonmoving party may seek a continuance if he believes that additional discovery is necessary to respond to the motion. FED. R. CIV. P. 56(f); Int'l Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257, 1266 (5th Cir. 1991). The nonmoving party must show how the additional discovery will defeat the summary judgment motion. Int'l Shortstop, 939 F.2d at 1267. Lott did not seek a continuance requesting additional discovery and has failed to show that such discovery was necessary to establish a genuine issue of material fact. See NGS American, Inc. v. Barnes, 998 F.2d 296, 300 (5th Cir. 1993).

## III. CONCLUSION

For these reasons, we affirm the district court's grant of summary judgment.

AFFIRMED.