**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 31, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MEREDITH KORNFELD; NANCY
KORNFELD, a/k/a Nan Kornfeld,

      Plaintiffs-Counter-
      Claim-Defendants-
      Appellees,

v.

JULIAN KORNFELD; PATSY D.
PERMENTER, individually and as
co-trustees of Julian P. Kornfeld
Revocable Trust,

      Defendants-Counter-
      Claimants-Appellants.

No. 10-6013
(D.C. No. 5:07-CV-00438-L)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **HOLLOWAY**, and **ANDERSON**, Circuit Judges.

Defendants Julian Kornfeld and Patsy D. Permenter appeal the district

court's order awarding attorneys' fees to plaintiffs Meredith Kornfeld and

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Nancy Kornfeld based on defendants' litigation conduct. Exercising jurisdiction under 28 U.S.C. § 1291, we reverse and remand for further proceedings in accord with this order and judgment and our prior instructions in *Kornfeld v. Kornfeld*, 341 F. App'x 394, 400 (10th Cir. 2009) (*Kornfeld II*).

I.

The ongoing dispute between sisters Meredith and Nancy Kornfeld and their father, Julian Kornfeld, and his assistant, Patsy D. Permenter, is before this court for the third time. In the underlying case, the sisters sought a declaratory judgment concerning stock-ownership rights in Mernan Royalty Corporation, a closely held company originally formed by Mr. Kornfeld. In its first merits ruling, the district court (1) concluded the parties' agreement should not be reformed; (2) decided the percentage of voting stock owned by the Employee Stock Ownership Plan (ESOP); and (3) ordered supplementation of the record, further briefing, and argument on the percentage of ESOP shares owned by each party. After further litigation, the district court determined that each plaintiff and Mr. Kornfeld were entitled to $33,786 from the sale of the company, plus interest. Ms. Permenter was to receive nothing. This court affirmed. *See Kornfeld v. Kornfeld*, 321 F. App'x 745, 754 (10th Cir. 2009) (*Kornfeld I*).

Plaintiffs then moved for $56,215 in attorneys' fees and costs, reflecting their expenditures throughout the lawsuit. The district court granted the request under 28 U.S.C. § 2202, which provides that "[f]urther necessary or proper relief

based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment." The district court reasoned that defendants' conduct had forced plaintiffs to expend more than they recovered. It observed that "'failure to reimburse plaintiffs for their fees would, in effect, reward defendants for their obdurate behavior.'" *Kornfeld II*, 341 F. App'x at 396 (quoting district court's ruling). Defendants appealed the fee award.

On appeal, we declined to "determine the outer scope of a court's authority" to award attorneys' fees under 28 U.S.C. § 2202. *Kornfeld II*, 341 F. App'x at 400. We concluded, however, that the award could be brought within the "bad-faith" exception to the traditional American Rule of disallowing attorneys' fee awards. *Id.* But this "exception is drawn very narrowly, and may be resorted to only in exceptional cases and for dominating reasons of justice." *Id.* (quotation marks and alteration omitted). The "stringent" standard "generally requires a finding by the trial judge of subjective bad faith." *Id.* (quotation marks and alteration omitted). We noted the necessity of "a finding of bad intent or improper motive by the guilty party before awarding attorneys fees" under this exception. *Id*. (quotation marks omitted). Without setting forth a different standard, we also mentioned that the court could make findings on whether defendants acted "vexatiously, wantonly, or for oppressive reasons." *Id.* at 400, n.2.

-3-

Reviewing the record, we determined that any conduct falling within the bad-faith exception had to have occurred *after* the district court's first merits order, which addressed defendants' arguments raising at least "one legal point" of "considerable difficulty." *Id.* at 399. And "the district court's explanation [was] not sufficient for us to determine whether defendants' position . . . exhibited subjective bad faith or was advanced with bad intent or for an improper motive." *Id.* at 400. We therefore remanded the matter to the district court "to make more specific findings on whether defendants' conduct after the first merits order exhibited bad intent or improper motive." *Id.*

## II.

The district court's fee award on remand is the sole subject of this appeal.[1]

_____

[1]    We note plaintiffs' contention that we "should vacate" our previous Order and Judgment "to the extent it circumscribed the Trial Court's discretion to award" the full amount of their requested fees. Ap'lee Br. at 19.

> [I]t is almost axiomatic that one panel of this court cannot overrule another panel. We depart from the law of the case doctrine, in exceptionally narrow circumstances: (1) when the evidence in a subsequent trial is substantially different; (2) when controlling authority has subsequently made a contrary decision of the law applicable to such issues; or (3) when the decision was clearly erroneous and would work a manifest injustice.

*United States v. Parada*, 577 F.3d 1275, 1280 (10th Cir. 2009) (citation and quotation marks omitted), *cert. denied*, 130 S. Ct. 3321 (2010). We categorically reject plaintiffs' belated challenges to our earlier resolution of the case.

Additionally, plaintiffs' brief takes issue with the district court's denial of
(continued...)

-4-

"'While we generally review a denial of attorneys' fees for an abuse of discretion, we review de novo any statutory interpretation or other legal analysis underlying the district court's decision concerning attorneys' fees.'" *Id.* at 396 (quoting *Aerotech, Inc. v. Estes,* 110 F.3d 1523, 1527 (10th Cir. 1997)).

For instructive purposes, we repeat the circumstances in which a court may award attorneys' fees to a prevailing party. A "basic point of reference . . . is the bedrock principle known as the 'American Rule': Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Hardt v. Reliance Standard Life Ins. Co.*, 130 S. Ct. 2149, 2156-57 (2010) (quotation marks omitted). This rule is "deeply rooted in our history and in congressional policy," *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 271 (1975), and founded on the belief that requiring an unsuccessful litigant to pay the litigation expenses of the prevailing party would unduly deter parties from seeking to "vindicate their rights" in a judicial forum, *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 718 (1967).

---

[1](...continued)
fees incurred in connection with their pursuit of a fee award. In light of the need for a remand, this argument is moot. We remind plaintiffs, however, that appellees may not seek to enlarge their relief on appeal without filing a cross-appeal. *See generally El Paso Natural Gas Co. v. Neztsosie*, 526 U.S. 473, 479-82 (1999).

There are, of course, exceptions to the general rule against fee-shifting.[2] Here, the district court was directed to consider the exception that permits assessment of fees "when a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) (quoting *Alyeska Pipeline Serv. Co.*, 421 U.S. at 258-59). This "'bad-faith'" exception to the American Rule "reaches a court's inherent power to police itself" and serves "the dual purpose of vindicating judicial authority without resort to the more drastic sanctions available for contempt of court and making the prevailing party whole for expenses caused by his opponent's obstinacy." *Id.* at 46 & n.10 (quoting *Hutto v. Finney*, 437 U.S. 678, 689 n.14 (1978)). Such an award is "punitive" in nature. *Hall v. Cole*, 412 U.S. 1, 5

---

[2] Congress, "while fully recognizing and accepting the general rule," has made "specific and explicit provisions for the allowance of attorneys' fees under selected statutes granting or protecting various federal rights." *Alyeska Pipeline Serv. Co.,* 421 U.S. at 260. Courts have also recognized an exception "where a plaintiff traced or created a common fund for the benefit of others as well as himself." *Fleischman*, 386 U.S. at 719.

In addition, certain statutes and procedural rules allow for awards of attorneys' fees as sanctions for wrongdoing committed in the course of litigation. *See*, *e.g.*, 28 U.S.C. § 1927 (providing for monetary sanctions, including attorneys' fees, against attorney who unreasonably multiplies proceedings); Fed. R. Civ. P. 11(c) (providing for sanctions against attorney, law firm, or party presenting a filing for any improper purpose, making unwarranted legal contentions, or stating factual contentions without evidentiary support); Fed. R. Civ. P. 37(a)(5) (providing for payment of attorneys' fees in connection with an order compelling discovery).

(1973). "[T]he essential element in triggering the award of fees is . . . the existence of 'bad faith' on the part of the unsuccessful litigant." *Id.*

The district court, albeit "reluctantly," properly confined its analysis to defendants' "conduct that occurred after the court issued its first merits order," Aplt. App. at 145. But it did not comply with our instruction to determine whether any objectionable conduct "exhibited bad intent or improper motive." *Kornfeld II*, 341 F. App'x at 400. Referencing this court's observation that the district court's previous decision had not decided whether defendants had acted "vexatiously, wantonly, or for oppressive reasons," *id.* at 400, n.2 (quotation omitted), it refashioned the issue to whether defendants' conduct was vexatious.

On the issue of vexatiousness, the district court departed from the remand order with the statement "[a] finding that defendants acted with subjective bad faith is not necessary to find their conduct vexatious and subject to sanctions." Aplt. App. at 146. It then measured defendants' actions under "an objective standard, whether the conduct, viewed objectively, manifests either intentional or reckless disregard of the parties' duties to the court." *Id.* And it concluded that defendants had "acted vexatiously in a number of respects," such as filing a "warrantless motion to reconsider" within hours after it set a hearing on the distribution issue, thus "forcing plaintiffs to respond to the motion at the same time they were preparing for an evidentiary hearing." *Id.* at 146-47. The court also restated its earlier observation that "defendants continued to advance the

same arguments [it] had rejected and continued to do so without evidentiary support" and "failed to provide relevant, requested documents regarding the ESOP. *Id.* at 147. Further, it found that defendants misrepresented the record and defendant Julian Kornfeld gave untruthful testimony. *Id.* at 147-48.

The district court's order summarizes some errant conduct on the part of defendants. However, it lacks a finding of "subjective wrongdoing . . . required to support a fee award" under the federal courts' inherent power. *Mountain W. Mines, Inc. v. Cleveland-Cliffs Iron Co.*, 470 F.3d 947, 954 (10th Cir. 2006). The cases relied upon by the district court for an objective standard have no relevance to this type of fee award because they do not concern bad-faith exception to the American Rule. Instead, they involve the application of 28 U.S.C. § 1927, which provides that an *attorney* who "multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Under the objective standard applicable to § 1927, we have affirmed fee awards against attorneys who manifested "intentional or reckless disregard of [their] duties to the court." *Hamilton v. Boise Cascade Express*, 519 F.3d 1197, 1202 (10th Cir. 2008) (quotation omitted). *See also Dominion Video Satellite, Inc. v. Echostar Satellite L.L.C.*, 430 F.3d 1269, 1278 (10th Cir. 2005); *Braley v. Campbell*, 832 F.2d 1504, 1512 (10th Cir. 1987). The Supreme Court itself, however, has distinguished the bad-faith exception from the

"many . . . other [statutory and procedural] mechanisms permit[ting] a court to impose attorney's fees as a sanction for conduct which merely fails to meet a reasonableness standard." *Chambers*, 501 U.S. at 47.

To repeat, "the narrow exceptions to the American Rule effectively limit a court's inherent power to impose attorney's fees as a sanction to cases in which a litigant has engaged in bad-faith conduct or willful disobedience of a court's orders." *Id.* Our cases are scrupulous in following the Supreme Court's dictates. We have stated that for "the exceedingly narrow bad faith exception" to the American Rule to apply, "there must be clear evidence that the challenged claim is entirely without color *and* has been asserted wantonly, for purposes of harassment or delay, or for other improper reasons." *F.T.C. v. Kuykendall*, 466 F.3d 1149, 1152 (10th Cir. 2006) (quotation marks omitted). "Whether the bad faith exception applies turns on the party's subjective bad faith," based on a district court's factual findings. *Id.*

We must again REVERSE and REMAND this matter to the district court for "specific findings on whether defendants' conduct after the first merits order exhibited bad intent or improper motive." *Kornfeld II*, 341 F. App'x at 400.

And "[i]f the court finds it did, the court can determine the amount of fees and costs attributable to that conduct, if any." *Id.*

Entered for the Court

William J. Holloway, Jr.
Circuit Judge
